978 S.W.2d 336 (1998)
J.A.D., Appellant,
v.
F.J.D. III, and Guardian Ad Litem, Respondents.
No. 80637.
Supreme Court of Missouri, En Banc.
September 24, 1998.
Rehearing Denied October 20, 1998.
*337 William D. Rotts, Columbia, for Appellant.
Roger P. Krumm, Fulton, Chris Nelson, Hallsville, for Respondents.
Cathleen Connealy, Kathleen Matthews, Kansas City, Nory Miller, Washington, DC, for Amicus Curiae.
PER CURIAM.
J.A.D. and F.J.D. entered into a premarital agreement prior to their marriage, which occurred in 1985. Three children were born to the marriage. The parties separated in March 1994, and this dissolution action was filed the day following the separation. After eight days of hearing, the trial court ordered the marriage dissolved, awarded custody, ordered payment as required by the premarital agreement, divided the marital property, established child support, set out a visitation schedule with conditions, ordered a "telling" session, and awarded guardian ad litem and attorney fees. The case was originally appealed to the court of appeals. It was transferred to this Court after opinion, and this Court has jurisdiction. Mo. Const. art. V, sec. 10. Affirmed in part and reversed and remanded in part.

I.
The trial court's order and decree contained the following provisions:
* * *
11.a. The premarital agreement of December 10, 1984 was entered into by the parties freely, fairly, knowingly, understandingly and in good faith with full disclosure and constitutes a valid and enforceable contract made by the parties.
* * *
19. The best interests of the minor children will be met by their custody being placed with [F.J.D.] because: (a) [F.J.D.'s] greater stability; (b) [J.A.D.'s] negativism toward [F.J.D.] and it's [sic] negative impact on the children; (c) [J.A.D.'s] immaturity in seeking after repeated new love relationships and enmeshing her children's lives in her lover's lives; (d)
[F.J.D.'s] nearby close extended family; and (e) [F.J.D.'s] greater likelihood of promoting a good relationship between the children and the other parent.

*338 * * *
26. It is in the best interests of the minor children that the Guardian ad Litem monitor a "telling" session wherein which [sic] the two daughters are told by their mother of her lesbianism. The Court recognizes the benefit to the daughters of their mother telling them herself so that they will have first hand knowledge rather than learning this from others....
These conclusions were supported by additional specific findings set out in the court's order and decree.
An appeal of the trial court's judgment was originally filed in the court of appeals. Following an opinion by that court, this Court sustained an application for transfer. The appellant did not file a substitute brief as permitted by Rule 83.08. The respondent subsequently filed a motion to strike the brief the appellant had filed in the court of appeals and to dismiss the appeal. The motion alleged violations of Rule 84.04(c), which requires a fair and concise statement of the facts, and Rule 84.04(h), which requires page references to the legal file or transcript with respect to all statements of fact and argument. This Court overruled the motion to strike except as to the statement of facts and granted appellant leave to file a new brief. Appellant's substitute brief was filed. Respondent subsequently filed a motion to strike appellant's substitute brief for violation of Rule 84.04(c) and Rule 84.04(d), which requires appropriate points relied on to be included in the brief. This motion has been taken with the case.

II.
Appellant's brief fails to meet the requirements of Rule 84.04(d). As stated previously:
Ordinarily, an appellate court sits as a court of review. Its function is not to hear evidence and, based thereon, to make an original determination. Instead, it provides an opportunity to examine asserted error in the trial court which is of such a nature that the complaining party is entitled to a new trial or outright reversal or some modification of the judgment entered. It is not the function of the appellate court to serve as advocate for any party to an appeal.... When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding the case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role....
Thummel v. King, 570 S.W.2d 679, 686 (Mo. banc 1978).
This Court's policy is to decide a case on its merits rather than on technical deficiencies in the brief. Generally, this Court will not exercise discretion to disregard a defective point unless the deficiency impeded disposition on the merits. A brief impedes disposition on the merits where it is so deficient that it fails to give notice to this Court and to the other parties as to the issue presented on appeal. If the defective brief fails to meet that standard, the point will be disregarded, reviewed only for plain error, or the appeal dismissed. Wilkerson v. Prelutsky, 943 S.W.2d 643 (Mo. banc 1997).
A point relied on must meet three requirements: (1) it must state the trial court's action or ruling about which the appellant complains; (2) it must state why the ruling was erroneous; and (3) it must state what was before the trial court that supports the ruling appellant contends should have been made. Murphy v. Aetna Cas. & Sur. Co., 955 S.W.2d 949 (Mo.App.1997).

III.
Appellant's first point relied on reads:
THE TRIAL COURT ERRED IN AWARDING SOLE CUSTODY OF THE CHILDREN TO FATHER BECAUSE THE CUSTODY DETERMINATION WAS NOT IN THE BEST INTERESTS OF THE CHILDREN AS REQUIRED BY MISSOURI LAW IN THAT THE EVIDENCE CLEARLY SHOWED MOTHER WAS THE BETTER CHOICE AS *339 CUSTODIAN AND MOTHER SHOULD HAVE BEEN GIVEN AT LEAST JOINT CUSTODY RIGHTS.
The point is defective for two reasons. The point fails to state what was before the trial court that supports the ruling appellant contends should have been made. Although it asserts evidence exists, the point fails to identify the evidence. The argument portion relating to this point is of little assistance in focusing the issue. It consists of a review of the non-exclusive statutory factors considered in awarding custody and a review of the evidence in a light favorable to J.A.D., explaining why she is the best choice and should have been given joint custody rights. An objective reading of the point and argument reveal only a broad plea that this Court substitute its custody decision for the decision of the trial court. That, of course, is not this Court's function. Murphy v. Carron, 536 S.W.2d 30 (Mo. banc 1976).
A second, and perhaps less obvious, defect is that the point relied on is so nebulous that it is impossible to identify which of several possible claims appellant is attempting to raise. These possible claims include: (1) that no substantial and credible evidence supports some unspecified factual findings of the trial court with respect to its custody decision; (2) that some unspecified evidentiary factor or factors were improperly considered; or (3) that the trial court failed to consider some essential but unspecified evidentiary factor or factors. Inadequate points create a root problem: this Court may interpret a contention differently than does the opponent or differently than was intended by the party asserting the contention. Doe v. Roman Catholic Diocese, 862 S.W.2d 338 (Mo. banc 1993)(Benton, J., dissenting). Thus, review is limited to plain error.
Plain errors affecting substantial rights may be considered when the Court finds that manifest injustice or miscarriage of justice has resulted therefrom. Rule 84.13(c). Considering the entire record in this case, considering the evidentiary factors recited by the trial court, and taking into account the non-exclusive statutory factors considered in the award of child custody, there is no plain error.

IV.
Appellant's second point relied on reads:
THE TRIAL COURT ERRED IN DENYING MOTHER CUSTODIAL RIGHTS, CONDITIONING AND RESTRICTING HER VISITATION, AND MANDATING MOTHER INFORM HER CHILDREN SHE WAS HOMOSEXUAL BECAUSE THE STATE CANNOT DISCRIMINATE AGAINST A PARENT AND VIOLATE A PARENT'S CONSTITUTIONAL RIGHTS ON THE BASIS OF HOMOSEXUALITY IN THAT THE COURT'S DENIAL OF CUSTODY AND ITS RULING WAS [sic] MADE WITHOUT JUSTIFICATION SOLELY ON THE BASIS OF MOTHER'S SEXUAL ORIENTATION.
This point relied on also fails to state what was before the trial court that supports the ruling appellant contends should have been made. It also fails to set out the specific constitutional rights that are alleged to be violated. To properly assert a violation of a constitutional right in a point relied on, an appellant must specifically identify the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself. See Century 21 v. City of Jennings, 700 S.W.2d 809 (Mo. banc 1985). Courts should avoid considering constitutional issues unless clearly presented. Doe v. Roman Catholic Diocese, 862 S.W.2d 338 (Mo. banc 1993)(Benton, J., dissenting).
Reviewing for plain error, appellant contends that her homosexual status was the "sole" reason for the court's custody order. This contention is false. The judgment recites that custody was placed with father for a number of reasons. (See paragraph 19 of the court's order quoted above.) Without question, the guiding star in a custody determination is the best interest of the children. A homosexual parent is not ipso facto unfit for custody of his or her child, and no reported Missouri case has held otherwise. It is not error, however, to consider the impact of homosexual or heterosexual misconduct upon the children in making a custody determination. *340 T.C.H. v. K.M.H., 693 S.W.2d 802, 804-05 (Mo. banc 1985). Substantial evidence in the record supports the custody determination, and the judgment in this respect is affirmed. Murphy v. Carron, 536 S.W.2d 30 (Mo. banc 1976).
J.A.D. also challenges the portion of the judgment that requires a "telling" session. Chapter 452, RSMo, does not expressly provide for or prohibit such an order. Appellant's brief, however, indicates that the telling session has already occurred, and this point is moot.
Finally, J.A.D. contests certain limitations imposed upon her visitation rights. The trial court has broad powers under section 452.400, RSMo, to impose restrictions and requirements upon visitation for the health and well-being of the children. The restrictions imposed here, however, are too broad. They prohibit the children from being in the presence of "any person known by [J.A.D.] to be lesbian or known by [J.A.D.] to be one who engages in lesbian sexual activity..." except for a person named in the order who is described as a "long time friend of the children." The judgment further forbids the children to be in the presence, during visitation periods, of "any other female, unrelated by blood or marriage, with whom [J.A.D.] may be living." Particularly, the latter restriction would apply to any woman whose presence or conduct might not be harmful to the children. The judgment in this respect is reversed and remanded, and the trial court is directed to limit the conditions to apply only to those individuals whose presence and conduct may be contrary to the best interests of the children.

V.
As with the first two points relied on, appellant's third point relied on fails to state what was before the trial court that supports the ruling appellant contends should have been made. The point reads:
THE TRIAL COURT ERRED IN UPHOLDING THE ANTENUPTIAL AGREEMENT AND ENFORCING ALL OF ITS TERMS BECAUSE THE AGREEMENT WAS UNCONSCIONABLE IN ITS APPLICATION IN THAT IT IS AMBIGUOUS, MISLEADING AND VAGUE IN THE WAY IT IS WRITTEN, IS BASED UPON FRAUDULENT AND MISREPRESENTATIVE DISCLOSURES, WAS OBTAINED BY UNDUE INFLUENCE AND WAS SO OPPRESSIVE AND ONE-SIDED IT IS AGAINST PUBLIC POLICY.
This point relied on asserts various legal bases for holding the agreement was invalid, but it fails to assert any evidentiary basis for so holding. As the point relied on preserves nothing for appeal, review is for plain error under Rule 84.13(c).
In the argument portion of the brief, appellant sets out various facts supporting the claimed invalidity. The trial court, however, is not required to adopt appellant's facts as the basis for its decision. The trial court had substantial evidence from which it could conclude that the terms of the agreement were not vague and that appellant was informed of all her husband's assets, conferred with two lawyers, one of whom advised her not to sign the agreement, received a copy of the agreement at least six months before the wedding and before any engagement, was a college graduate, suffered no physical or mental impairment, was not subjected to coercion or threats, and fully understood the agreement at the time it was signed. Plain error does not occur when the trial court has conflicting evidence and legally substantial evidence exists, as in this case, that supports the trial court's determination.

VI.
Appellant's final point relied on raises a claim of error with respect to the trial court's failure to order respondent to pay appellant a specified sum of money to equalize the property division. Appellant notes in the brief that respondent has paid this amount. This point is moot.

VII.
The judgment of the trial court is affirmed, except with respect to the visitation provision. That part of the judgment is reversed and the cause remanded for further proceedings consistent with this opinion. To the *341 extent motions filed by the parties have not otherwise been ruled, they are overruled. Costs of this appeal are to be divided equally between the parties.
PRICE, LIMBAUGH, COVINGTON, WHITE, HOLSTEIN, and WOLFF, JJ., and NEILL, Special Judge, concur.
BENTON, C.J., not participating.