**In re the MARRIAGE OF Timothy Wayne EDWARDS and Teresa Elaine Edwards.**

**Timothy Wayne Edwards, Respondent,**

**v.**

**Teresa Elaine Edwards, Appellant.**

**No. 22258.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 12, 1999.

Robert R. Parrish, Parrish, Jacobs & McPherson, Joplin, for appellant.

John J. Podleski, Crandall, Dally and Podleski, P.C., Carthage, for respondent.

CROW, Judge.

Teresa Elaine Edwards ("Mother") appeals from a decree dissolving her marriage to Timothy Wayne Edwards ("Father"). The two points relied on in Mother's brief read:

"I.

This court must reverse the trial court's granting of physical custody to the Respondent, as it is clearly against the weight of the evidence regarding the best interests of the children.

II.

This court must remand the issue of the awarding of the marital residence with instructions for the trial court to consider the desirability of granting the family home to the custodial parent."

Rule 84.04(d)[1] reads, in pertinent part:

"The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. . . ."

The purpose of Rule 84.04(d) and the necessity of obeying it are extensively discussed in *Thummel v. King*, 570 S.W.2d 679, 684–88 (Mo. banc 1978), one of the most frequently cited cases in Missouri jurisprudence.

In *J.A.D. v. F.J.D.*, 978 S.W.2d 336 (Mo. banc 1998), the Supreme Court of Missouri found an appellant's points relied on defective under Rule 84.04(d). The court explained that a point relied on must meet three requirements: (1) it must state the trial court's action or ruling about which the appellant complains; (2) it must state why the ruling was erroneous; (3) it must state what was before the trial court that supports the ruling appellant contends should have been made. *Id.* at 338[3].

One of the points relied on in *J.A.D.*, read: "THE TRIAL COURT ERRED IN AWARDING SOLE CUSTODY OF THE CHILDREN TO FATHER BECAUSE THE CUSTODY DETERMINATION WAS NOT IN THE BEST INTERESTS OF THE CHILDREN AS REQUIRED BY MISSOURI LAW IN THAT THE EVIDENCE CLEARLY SHOWED MOTHER WAS THE BETTER CHOICE AS CUSTODIAN AND MOTHER SHOULD HAVE BEEN GIVEN AT LEAST JOINT CUSTODY RIGHTS."

*Id.* at 338–39.

The Supreme Court held the point defective for two reasons, one of which was that it failed to state what was before the trial court that supported the ruling the appellant contended should have been made. *Id.* at 339[4]. Because the point was defective, the Supreme Court reviewed the child custody award for plain error only. *Id.* at 339.

Mother's first point in the instant appeal is afflicted with the same defect as the above-quoted point from *J.A.D.* Mother's first point, in attacking the trial court's

---

1. References to Rules in this opinion are to Missouri Rules of Civil Procedure (1998) except where otherwise indicated.

award of physical custody of the parties' children to Father, implicitly maintains the trial court should have awarded physical custody to Mother. However, the point fails to set forth what was before the trial court that supports the ruling Mother contends should have been made. The point presents only the bare assertion that the physical custody award "is clearly against the weight of the evidence regarding the best interests of the children." The point yields no clue as to wherein or why that is so, and supplies no hint as to what evidence supported an award of physical custody of the children to Mother.

Consistent with *J.A.D.*, this court holds Mother's first point presents nothing for review.[2] Nonetheless, this court shall, like the Supreme Court in *J.A.D.*, review the trial court's physical custody determination for plain error per Rule 84.13(c). That rule empowers an appellate court, in its discretion, to grant relief from unpreserved plain errors when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

Rule 73.01(c) governs appellate review of court-tried civil cases. In *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976), the Supreme Court of Missouri construed an earlier version of that rule to mean that the judgment will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. That standard applies to child custody determinations. *In re Marriage of Dempster*, 809 S.W.2d 450, 455 (Mo.App. S.D.1991).

Furthermore, in reviewing a child custody determination, an appellate court views the evidence and permissible inferences therefrom in the light most favorable to the decree, disregarding all contrary evidence and inferences. *Mehra v. Mehra*, 819 S.W.2d 351, 353[2] (Mo. banc 1991).

Applying the standards set forth in the two preceding paragraphs, this court, having reviewed the entire record, finds no manifest injustice or miscarriage of justice in the trial court's award of physical custody of the parties' children to Father. Consequently, this court grants no plain error relief on Mother's first point.

The subject of Mother's second point is the marital residence. The trial court awarded it to Father.

As this court comprehends Mother's second point and the argument following it, the point is based on the assumption that this court will reverse the trial court's physical custody award and grant Mother physical custody of the parties' children. Inasmuch as this court has left the trial court's physical custody award intact, Mother's second point is moot.[3]

The decree of dissolution of marriage is affirmed.

PREWITT, P.J., and PARRISH, J., concur.

---

2. The version of Rule 84.04(d) in force when *J.A.D.* was decided is the version in Missouri Rules of Civil Procedure (1998). That version was in force when Mother's brief in the instant appeal was filed. However, on January 1, 1999, a new version of Rule 84.04(d) took effect. The new version appears in volume 964–965 S.W.2d Missouri Cases, pp. XXX to XXXII. This appeal was argued and submitted January 11, 1999, after the new version took effect. This court assumes—without deciding—that inasmuch as Mother's brief was filed before the new version took effect, Mother's brief is governed by the former version. However, if the new version applies, Mother's first point is also deficient under it. The new version reads, in pertinent part:

"(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'"

3. By declaring Mother's second point moot, this court does not imply the point meets the requirements of Rule 84.04(d).