Randall SHOCHET, Plaintiff/Appellant,

v.

Terry C. ALLEN, Craft, Fridkin & Rhyne, Daniel Barklage, Barklage, Barklage, Heywood & Brett (now known as Barklage, Barklage, Brett, Ohlms & Martin Defendants/Respondents.

No. 74489.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 16, 1999.

Randall M. Shochet, Chicago, IL, pro se.

Joseph F. Devereux, Jr., Devereux, Murphy, Striler, Brickley & Sher, L.L.C., St. Louis, Attys for Allen & Craft, Fridkin & Rhyne.

Bernard A. Reinert, St. Louis, Attys for Barklage, Barklage, Brett, Ohlms & Martin.

MARY K. HOFF, Presiding Judge.

Randall Shochet (Client) appeals from the trial court's judgment entered in favor of Terry C. Allen; Craft, Fridkin & Rhyne; Daniel Barklage; and Barklage, Barklage, Heywood & Brett (now known as Barklage, Barklage, Brett, Ohlms & Martin) (collectively, Counsel) upon the granting of Counsel's motion for summary judgment. Counsel filed a motion to strike Client's brief on appeal (motion to strike), which was taken with the case. We grant Counsel's motion to strike and additionally dismiss the appeal for failure to comply with Rule 84.04(d).[1]

Client, then a licensed and practicing dentist in Missouri, received a suspension from the Missouri Dental Board (Board) in 1990 for insurance fraud. Counsel represented Client in the Board's proceedings. The terms of the suspension precluded Client from providing dental services, employing personnel in a dental practice, and deriving revenue from a dental practice. Subsequently, the Board brought a second complaint against Client, alleging violations of the terms of the suspension. Client obtained other attorneys to represent him in those proceedings.

---

1. Because Client's brief was filed in October 1998, we are applying the provisions of Rule 84.04(d) in effect in 1998, rather than the provisions of Rule 84.04(d) as amended effective January 1, 1999.

In this lawsuit, Client alleges Counsel is liable for legal malpractice and breach of fiduciary duty in the representation of Client during the first Board proceedings. The trial court granted Counsel's motion for summary judgment. This appeal, in which Client is proceeding pro se, followed.

■ By the motion to strike, Counsel argues Client's brief should be stricken because (1) the "Points Relied On" do not comply with Rule 84.04(d) and *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978); (2) the "Jurisdictional Statement" is deficient; and (3) the "Statement of Facts" is unfair and inadequate. Although we find both the "Jurisdictional Statement" and the "Statement of Facts" are inadequate, we will focus our attention on the "Points Relied On."

■ Rule 84.04(d) requires an appellant, in each point on appeal, to "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder." "Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule." Rule 84.04(d). In *Thummel*, the Missouri Supreme Court stated Rule 84.04(d) mandates that each point relied on consist of three elements. *Thummel*, 570 S.W.2d at 685–86. First, the appellant must "concisely state" the ruling of the trial court being challenged. *Id.* at 686. Second, the appellant must set forth the rule of law the trial court should have applied. *Id.* Third, the point on appeal must state what testimony or evidence supports the rule of law appellant suggests should have been applied. *Id.* at 685, 686.

■ Adherence to the requirements of Rule 84.04(d) provides "notice to the party opponent of the precise matters which must be contended with and answered," and facilitates the appellate process in that it provides for full advocacy. *Thummel*, 570 S.W.2d at 686. "It is not the function of the appellate court to serve as advocate for any party to an appeal." *Id.* If a point does not set forth what trial court ruling is challenged, it does not preserve anything for review on appeal.

*Id.* at 684–85; *Faith Baptist Church of Berkeley, Inc. v. Heffner*, 956 S.W.2d 425, 426 (Mo.App.E.D.1997).

■ Violations of Rule 84.04 are grounds for a court to dismiss an appeal. *Faith Baptist Church of Berkeley, Inc.*, 956 S.W.2d at 426 (dismissing appeal for failure to comply with Rules 81.12 and 84.04); *Kent v. Charlie Chicken II, Inc.*, 972 S.W.2d 513 (Mo.App. E.D.1998) (dismissing appeal for failure to comply with Rules 81.18, 84.04, and 81.12). Pro se appellants are held to the same procedural rules as attorneys and do not receive preferential treatment regarding compliance with rules of procedure such as Rule 84.04. *Faith Baptist Church of Berkeley, Inc.*, 956 S.W.2d at 426; *8182 Maryland Assoc. v. Lurie*, 949 S.W.2d at 150, 151 (Mo. App. E.D. 1997).

Recently, the Missouri Supreme Court held an appellant's first three points failed to meet the requirements of Rule 84.04(d). *J.A.D. v. F.J.D. III*, 978 S.W.2d 336 (Mo. banc 1998). The Supreme Court found these three points failed to "state what was before the trial court that supports the ruling appellant contends should have been made." *Id.* at 340. The Supreme Court also concluded the first point was inadequate because it was "so nebulous that it is impossible to identify which of several possible claims appellant is attempting to raise." *Id.* at 339.

Here, Client's "Points Relied On" fail to comply with the requirements of Rule 84.04(d) as clarified in *Thummel, supra*, and are "so nebulous that it is impossible to identify" the issues the Client is attempting to raise. *J.A.D.*, 978 S.W.2d at 339. The four "Points Relied On" in Client's brief are:

1. THERE WERE NO SUPERCEDING AND INTERVENING CAUSES WHICH PRECLUDED THE PLAINTIFF CLIENT FROM ESTABLISHING PROXIMATE CAUSE.

2. PLAINTIFF'S CLIENT'S REPRESENTATION IN, AND EVENTUAL SETTLEMENT OF, THE SECOND COMPLAINT AGAINST HIS DENTAL LICENSE CANNOT BE USED TO RULE OUT A CAUSAL CONNECTION.

3. REGARDING THE PLAINTIFF'S [CLIENT'S] FLORIDA DENTAL LICENSE AND ARKANSAS LAW LICENSE, THERE IS A PLAUSIBLE SHOWING OF PROXIMATE CAUSE.

4. IT IS A DANGEROUS PUBLIC POLICY TO HOLD THAT ANY ADMISSION IN A SETTLEMENT AGREEMENT IN A SUBSEQUENT LAWSUIT WILL THEN BE A "BAR" TO A LEGAL MALPRACTICE SUIT WHEN THE SUBSEQUENT LAWSUIT RESULTS FROM THE NEGLIGENT ACTS OR OMISSIONS OF A DEFENDANT/ATTORNEY IN THE LEGAL MALPRACTICE SUIT.

First, none of the points identify the challenged ruling of the trial court. Second, in no point does Client set forth the rule of law the trial court should have applied. Rule 84.04(d); *Thummel*, 570 S.W.2d at 686. Furthermore, Client has not specified the evidentiary basis supporting application of the rule of law suggested by Client in any of his four points. Rule 84.04(d); *Thummel*, 570 S.W.2d at 686. The points presented do not intelligibly disclose the issues Client is pursuing on appeal. If we attempt to interpret the points as stated, the Court will be forced to act as an advocate for Client, which we cannot do.

Accordingly, the Court grants Counsel's motion to strike. Due to Client's failure to comply with the requirements of Rule 84.04(d), we dismiss Client's appeal.

GARY M. GAERTNER, Judge and RHODES RUSSELL, Judge, Concur.