Perry Jay MACE, Appellant,

v.

Evelyn Marie (Mace) DAYE, Respondent.

No. WD 56571.

Missouri Court of Appeals, Western District.

April 25, 2000.

Perry Jay Mace, acting pro se.

T. Jeremiah Smith, St. Louis, for respondent.

Before SPINDEN, P.J., LOWENSTEIN, J. and ULRICH, J.

ROBERT G. ULRICH, Judge.

Perry Mace appeals from the circuit court's denial of his motion for re-hearing on the family court commissioner's order refusing to allow Mr. Mace to transfer the parties two minor children to another school district. He also appeals from the judgment of the circuit court modifying its decree of dissolution by ordering a change of primary physical custody of the two minor children from Mr. Mace to their mother, Evelyn Daye, and denying his motion for sole custody of the children. The appeal is dismissed.

Mr. Mace appeals *pro se. Pro se* appellants are bound by the same rules of procedure as appellants represented by licensed attorneys and are not entitled to preferential treatment regarding compliance with procedural rules such as Rule 84.04. *Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo.App. E.D.1999). Violations of the rules of appellate procedure, and specifically Rule 84.04, constitute grounds for a court to dismiss an appeal. *Id.*

Rule 84.04 sets forth the requirements for filing briefs with appellate courts. *Estate of Dean v. Morris,* 963 S.W.2d 461, 466 (Mo.App. W.D.1998). It requires "[w]here the appellate court reviews the decision of a trial court, each point shall: (A) identify the trial court ruling or action that the appellant chal-

lenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." *Id.;* Rule 84.04(d)(1). "Abstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4). The purpose of the briefing requirements regarding points relied on is to give "notice to the party opponent of the precise matters, which must be contended with and answered" and "to inform the court of the issues presented for resolution." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). If the appellate court must search the argument portion of the brief or the record on appeal to determine or clarify the nature of the asserted claims, the court may interpret the claims differently than the opponent or differently than was intended by the party asserting the claim. *Id.* The function of the appellate court is to examine asserted trial court error, not to serve as advocate for any party to an appeal. *Id.* Where a brief fails to comply with the applicable rules and does not sufficiently advise the court of the contentions asserted and the merit thereof, "the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency." *Id.* Courts should not be asked or expected to assume such a role. *Id.* In addition to being inherently unfair to the other party on appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals. *Thummel,* 570 S.W.2d at 686.

■ Mr. Mace presents three points relied on in his brief:

Point I: The trial court erred in denying the appellant a re-hearing on September 5, 1997, under Rule 74.06 Mo.R.Civ.P, because the judgment ordering the children to remain at the same school was obtained by fraud and legal malpractice in that on September 3, 1997, Respondent's attorney intentionally and deliberately gave false material testimony and that also Appellant's attorney on August 13, 1997, intentionally and deliberately violated Supreme Court Rule 4, in regards to the rules of professional conduct by deliberately withholding relevant material facts as consented to be given.

Point II: The trial court erred for failing to recognize, and or by abusing its discretion, and or because of corruption, that under Mo. state statutes 452.375, and 452.410, that the weight of evidence in the trial did not support a change of custody and that the decision rendered was obtained and or made by fraud and is not in the best interest of the children.

Point III: The trial court erred by abusing its discretion, and or because of corruption in that it ignored the weight of evidence in the trial and failed to apply Mo. state statutes 452.375 and 452.410, and or give the appellant due process so that the best interest of the children was served.

Each of Mr. Mace's points relied on sets out only abstract conclusions and statements of law without showing how they relate to any action or ruling by the court. The points relied on also fail to state the wherein and why the trial court's ruling is claimed to be erroneous. Additionally, the points II and III fail to identify the trial court ruling or action being challenged.

Where a party fails to comply with Rule 84.04, they present nothing for appellate review. *Nell v. Fern–Thatcher Co.,* 952 S.W.2d 749, 755 (Mo.App. W.D.1997). Despite the procedural defects, this court may consider such points on appeal, *ex gratia,* where appropriate to prevent manifest injustice. *Id.* In the instant case, such review would require this court to search the record for possible errors and then research those errors revealed. *Id.* That

is the duty of the parties, not the function of an appellate court. *Id.*

The appeal is dismissed.[1]

SPINDEN, P.J., and LOWENSTEIN, J., concur.

1.  . Ms. Daye's motion for damages for frivo-    lous appeal is denied.