SUPREME COURT OF MISSOURI
 en banc

MICHAEL A. LEXOW, ) Opinion issued March 15. 2022
 )
 Appellant, )
 )
v. ) No. SC99199
 )
BOEING CO., )
 )
 Employer, )
 )
AND )
 )
TREASURER OF MISSOURI AS )
CUSTODIAN OF THE )
SECOND INJURY FUND, )
 )
 Respondent. )

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

 Michael A. Lexow (“Claimant”) appeals the decision of the Labor and Industrial

Relations Commission (“Commission”) reversing the award of the Administrative Law

Judge (“ALJ”) and denying him permanent total disability (“PTD”) benefits. Because

Claimant’s brief fails to comply with the mandatory and straightforward rules governing

the contents of an appellant’s briefs, particularly those pertaining to points relied on, this

Court dismisses the appeal.
 Background

 Claimant sustained work-related carpal tunnel syndrome in his left arm and hand.

He settled his claim against the employer/insurer for this primary injury. Claimant filed a

claim against the Second Injury Fund (“Fund”) seeking claims for PTD as a result of the

combination of the primary injury and numerous preexisting conditions. The ALJ

determined the Fund was liable. The Fund filed an application for review with the

Commission.

 The Commission denied his claim, concluding section 287.220.3(2) 1 requires a

claimant to prove PTD resulting from the combination of the primary injury and a single

qualifying preexisting disabling condition to receive PTD benefits from the Fund. The

Commission also found Claimant’s preexisting bilateral carpal tunnel syndrome, which

was claimed to have resulted from an occupational disease, was not “[a] direct result of a

compensable injury as defined in section 287.020.” See section 287.220.3(2)(a)a(ii)

(emphasis added). Rather, the Commission determined the preexisting bilateral carpal

tunnel syndrome was an occupational disease as defined in section 287.067 and, as a

result, did not meet the conditions of section 287.220.3(2)(a)a(ii).

 Claimant appealed to the court of appeals. Explicitly noting the manner in which

Claimant’s brief violated Rule 84.04, the court of appeals exercised its discretion to

provide ex gratia review. Following the analysis of this Court in

1
 All statutory references are to RSMo 2016, unless otherwise specified.

 2
Treasurer of State v. Parker, 622 S.W.3d 178 (Mo. banc 2021), 2 the court of appeals

remanded for a factual determination of which of Claimant’s preexisting conditions

qualified under section 287.220.3(2)(a)a and for a determination of whether Claimant

was entitled to PTD benefits if there were multiple qualifying preexisting disabling

conditions. The court of appeals further held the Commission erred in finding Claimant’s

bilateral carpal tunnel syndrome did not satisfy section 287.220.3(2)(a)a(ii), finding an

occupational disease that met section 287.067’s definition and requirements is a

“compensable injury” under the workers’ compensation law and meets section

287.220.3(2)(a)a(ii)’s mandate that the preexisting disability be “[a] direct result of a

compensable injury as defined in section 287.020.”

 After considering the Fund’s application for transfer, this Court granted transfer 3

on the Fund’s following question of purported general interest and importance: “Whether

the lower court’s construction of [section] 287.220.3(2)(a)a(ii) disregards plain language

and misinterprets legislative intent of the [s]ection by including occupational diseases in

the category, thereby expanding the Fund’s liability.” Claimant filed a substitute brief

with this Court, the Fund filed its brief, and the case was argued and submitted.

2
 The Commission’s decision in this case was filed in March 2020. In Parker, handed
down in April 2021, this Court held that, although section 287.220.3(2)(a)b refers to “the
preexisting disability” in the singular form, the section should be read as allowing the
combination of multiple preexisting disabilities. 622 S.W.3d at 182. Parker was handed
down after the case was argued before the court of appeals, and each party filed a letter to
supplement its briefing before that court to include reference to the new case.
3
 See Mo. Const. art. V, sec. 10.

 3
 Standard of Review

 This Court reviews the Commission’s decision to determine if it is “supported by

competent and substantial evidence upon the whole record.” Mo. Const. art. V, sec. 18;

see also section 287.495. Questions of statutory interpretation are subject to de novo

review. Parker, 622 S.W.3d at 180-81.

 Analysis

 Before being able to reach the merits of the appeal, this Court considers the Fund’s

argument that Claimant’s first point relied on violates this Court’s rules related to

briefing, leaving nothing in the point for review. In doing so, this Court likewise

examines Claimant’s second point relied on and the remainder of the brief for compliance

with the rules.

 Rule 84.04 plainly sets forth the required contents of briefs filed in all appellate

courts. “Rule 84.04’s requirements are mandatory.” Fowler v. Mo. Sheriffs’ Ret. Sys.,

623 S.W.3d 578, 583 (Mo. banc 2021). Although this Court prefers to reach the merits of

a case, excusing technical deficiencies in a brief, it will not consider a brief “so deficient

that it fails to give notice to this Court and to the other parties as to the issue presented on

appeal.” J.A.D. v. F.J.D., 978 S.W.2d 336, 338 (Mo. banc 1998). Moreover, this Court’s

preference to reach the merits of a case when presented with a deficient brief must be

balanced with the implication of such consideration. Thummel v. King succinctly

explains the importance of adherence to briefing rules:

 When counsel fail in their duty by filing briefs which are not in conformity
 with the applicable rules and do not sufficiently advise the court of the
 contentions asserted and the merit thereof, the court is left with the

 4
 dilemma of deciding that case (and possibly establishing precedent for
 future cases) on the basis of inadequate briefing and advocacy or
 undertaking additional research and briefing to supply the deficiency.
 Courts should not be asked or expected to assume such a role. In addition
 to being inherently unfair to the other party to the appeal, it is unfair to
 parties in other cases awaiting disposition because it takes from them
 appellate time and resources which should be devoted to expeditious
 resolution of their appeals.

570 S.W.2d 679, 686 (Mo. banc 1978).

 Central to the formation of a brief are an appellant’s points relied on. “The

function of [points relied on] is to give notice to the opposing party of the precise matters

which must be contended with and to inform the court of the issues presented for

review.” Wilkerson v. Prelutsky, 943 S.W.2d 643, 647 (Mo. banc 1997). A deficient

point relied on requires the respondent and appellate court to search the remainder of the

brief to discern the appellant’s assertion and, beyond causing a waste of resources, risks

the appellant’s argument being understood or framed in an unintended manner. Scott v.

King, 510 S.W.3d 887, 892 (Mo. App. 2017). “A point relied on which does not state

‘wherein and why’ the trial court [or administrative agency] erred does not comply with

Rule 84.04(d) and preserves nothing for appellate review.” Storey v. State, 175 S.W.3d

116, 126 (Mo. banc 2005).

 The specific requirements for points relied on for review of an administrative

agency decision are set out in subdivision (d)(2) of Rule 84.04. That provision requires

each point to “(A) identify the administrative ruling or action the appellant challenges;

(B) state concisely the legal reasons for the appellant’s claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons

 5
support the claim of reversible error.” The rule itself provides a simple template for an

appellant to follow to ensure compliance with the rule:

 The point shall be in substantially the following form: “The [name of
 agency] erred in [identify the challenged ruling or action], because [state
 the legal reasons for the claim of reversible error, including the reference
 to the applicable statute authorizing review], in that [explain why, in the
 context of the case, the legal reasons support the claim of reversible
 error].”

Rule 84.04(d)(2).

 Rule 84.04(d) also requires separate points to challenge separate rulings or actions.

Consolidating “multiple, independent claims” into a point is not permitted. Kirk v. State,

520 S.W.3d 443, 450 n.3 (Mo. banc 2017). In other words, a single point relied on may

not be multifarious. Id. “Multifarious points relied on are noncompliant with Rule

84.04(d) and preserve nothing for review.” Macke v. Patton, 591 S.W.3d 865, 869 (Mo.

banc 2019); see also Rule 84.13(a) (noting “allegations of error not briefed or not

properly briefed shall not be considered in any civil appeal”).

 With these tenets reexplained, this Court now turns to Claimant’s points relied on,

the first of which states:

 (i) THE COURT OF APPEALS CORRECTLY REVERSED THE
 DECISION OF THE INDUSTRIAL COMMISSION DENYING
 BENEFITS TO CLAIMANT SINCE THE COMMISSION
 ERRONEOUSLY APPLIED THE WRONG LEGAL STANDARD BY
 ONLY TAKING EACH QUALIFYING PRE-EXISTING DISABILITY
 STANDING ALONE TO DETERMINE IF IT COMBINED WITH THE
 DISABILITY FROM THE PRIMARY INJURY TO RENDER THE
 CLAIMANT PERMANENTLY AND TOTALLY DISABLED INSTEAD
 OF CONSIDERING ALL OF CLAIMANT’S QUALIFYING
 DISABILITIES TOGETHER IN COMBINATION WITH THE PRIMARY
 INJURY.

 6
 (ii) THE COURT OF APPEALS ERRED IN REMANDING THE CASE
 TO THE COMMISSION TO MAKE FACTUAL FINDINGS AS TO
 WHICH OF CLAIMANT’S PRE-EXISTING CONDITIONS QUALIFY
 UNDER THE FOUR ELIGIBILITY CRITERIA LISTED IN
 287.220(3)(2)a(a) SINCE THE APPELLATE COURT MUST DEFER TO
 THE COMMISSION’S DETERMINATIONS AS TO THE CREDIBILITY
 OF THE WITNESSES AND THE WEIGHT GIVEN TO CONFLICTING
 EVIDENCE, AND THE COMMISSION MADE THE FACTUAL
 FINDING THAT CLAIMANT HAD FOUR QUALIFYING
 PRE-EXISTING DISABILITIES, AND THEREFORE, REMAND TO
 THE COMMISSION TO EXPLAIN THEIR FACTUAL FINDINGS IS
 NOT APPROPRIATE.

 Claimant’s second point relied on states:

 THE COURT OF APPEALS CORRECTLY HELD THAT AN INJURY
 THAT OCCURS BY WAY OF AN OCCUPATIONAL DISEASE CAN
 BE A QUALIFYING PRE-EXISTING DISABILITY FOR PURPOSES
 OF SECOND INJURY FUND LIABILITY IF THE INJURY MEETS THE
 50 WEEK THRESHOLD AND AT LEAST ONE OF THE OTHER
 CRITERIA SET OUT IN 287.220.3(2)a(a)(i) THROUGH (iv).

 APPELLANT’S PRE-EXISTING BILATERAL CARPAL TUNNEL
 SYNDROME IN THIS CASE IS A QUALIFYING PRE-EXISTING
 DISABILITY SINCE IT WAS AN ON THE JOB INJURY WHICH
 INVOLVED A SINGLE INJURY TO THE UPPER EXTREMITIES
 THAT OCCURRED AS THE RESULT OF THE SAME
 OCCUPATIONAL EXPOSURE WHICH OCCURRED OVER THE
 SAME PERIOD OF TIME AND WAS LITIGATED IN A SINGLE
 CLAIM WITH ONE INJURY NUMBER, AND WHICH RESULTED IN
 A SETTLEMENT IN EXCESS OF 50 WEEKS.

 Each of Claimant’s points is defective. As an initial matter, each point references

the opinion of the court of appeals. This misunderstands the transfer process to this

Court. Upon transfer, this Court may finally determine a cause the same as on original

appeal. Mo. Const. art. V, sec. 10; Rule 83.09. The practical effect of transfer is that the

opinion of the court of appeals loses any precedential value. State v. Norman, 380

S.W.2d 406, 407 (Mo. banc 1964) (“By reason of the order transferring the cause to this

 7
Court, the opinion and decision of the [court of appeals] was necessarily vacated and set

aside and may be referred to as functus officio.”). Claimant’s points relied on before this

Court should not focus on the merits of the court of appeals’ opinion. Of course, the

arguments before this Court will likely be refined by the court of appeals proceedings.

The points relied on, however, should focus solely on the decision of the Commission.

The template provided by Rule 84.04(d) makes this directive abundantly clear.

 At a superficial level, each point relied on wholly fails to follow the simple

template provided in Rule 84.04(d). The points are not substantially in the form provided

by the rule, as required. Because a decision of an agency is challenged, Rule 84.04(d)(2)

also requires reference to the applicable statute authorizing review.

 Claimant’s first point relied on, as recognized by the Fund, is multifarious. It

challenges two distinct allegations of error. A multifarious point relied on preserves

nothing for review. Macke, 591 S.W.3d at 869. Both allegations of error are against the

court of appeals. As discussed previously, this is improper. This Court discerns a single

challenged action in the portion of the point labeled (i): a failure by the Commission to

consider multiple qualifying preexisting disabilities. 4

4
 A compliant point relied on could read: The Labor and Industrial Relations Commission
erred in finding Lexow is not permanently and totally disabled, because Lexow’s
evidence satisfied the standard set forth in section 287.220.3(2), appellate review of
which is authorized by section 287.495, in that the Commission required a single
qualifying preexisting disability combine with the primary injury to result in permanent
total disability in direct contravention of Treasurer of State v. Parker, 622 S.W.3d 178,
182 (Mo. banc 2021), which permits Lexow’s multiple qualifying preexisting disabilities
to combine with the primary injury to result in permanent total disability.

 8
 Given transfer to this Court, the portion of the first point relied on denominated as

(ii), as currently framed, is inconsequential. Because this Court treats the cause the same

as an original appeal, the disposition of the court of appeals is not directly before this

Court. Parsing through the argument section of the brief, which is improperly combined

with the prior allegation of error, Claimant appears to challenge the Commission’s

reversal of the ALJ’s award because the Commission itself purportedly found Claimant

had four “qualifying pre-existing disabilities” by use of that term of art. This claim of

error required its own point relied on.

 Claimant’s second point relied on improperly argues the court of appeals correctly

disposed of a point. This Court reads this point relied on, as best as possible and relying

upon the accompanying argument, as a claim that the Commission erred by refusing to

permit an injury that was the result of an occupational disease, which is defined by

section 287.067, to not satisfy section 287.220.3(2)(a)a(ii), which requires the preexisting

disability to be “[a] direct result of a compensable injury as defined in section 287.020.”

The second point relied on fails to satisfy Rule 84.04(d). Beyond failing to assign error

to the Commission, the point relied on does not fit the logical framework mandated by

the rule. Again, it should have set forth the legal reasons for the claim of error and

succinctly explained why, in the context of the case, the legal reasons supported the claim

of reversible error. 5

5
 A compliant point relied on could read: The Labor and Industrial Relations Commission
erred in refusing to address whether Lexow’s preexisting bilateral carpal tunnel
syndrome, which was the result of an occupational disease, met the 50-week threshold
required by section 287.220.3(2)(a) to allow its consideration in combination with the

 9
 The Fund, while arguing deficiencies in the first point relied on preserved nothing

for review, is silent about the failures of Claimant’s second point relied on. By operation

of Rule 83.08(a), Claimant remains as appellant and the Fund remains as respondent

upon transfer. Although transfer was granted to resolve a question of purported general

interest and importance raised by the Fund, as respondent, if appellant’s points relied on

preserve nothing for appeal, the Fund’s question is irrelevant. This Court finds the

briefing errors in the points relied on preserve nothing for appeal. See Storey, 175

S.W.3d at 126.

 Like the court of appeals, this Court has discretion to review noncompliant points

gratuitously, overlooking the technical deficiencies in the points relied on, when the

deficiencies do not impede review on the merits. See Lollar v. Lollar, 609 S.W.3d 41, 45

n.4 (Mo. banc 2020); J.A.D., 978 S.W.2d at 338. Given the concerns addressed

previously regarding the inefficiencies of deficient briefing, however, this Court declines.

Parker addressed the substance of the first portion of Claimant’s first point relied on. As

such, this Court will not exercise its discretion to conduct ex gratia review to further

discuss a decided issue. The second portion of Claimant’s first point relied on attacks the

court of appeals’ remand to the Commission. Given the posture of the case following

primary injury because section 287.220.3(2)(a)a(ii) allows for consideration of a
medically documented preexisting disability that is a direct result of a “compensable
injury” as defined in section 287.020, appellate review of which is authorized by section
287.495, in that “compensable injury” is not directly defined by section 287.020 but
sections 287.067.2 and .3 require Lexow’s occupational disease be considered as an
injury that is compensable.

 10
transfer to this Court, this is a non-issue, and this Court will not reframe the content of

this portion of the point relied on as an error of the Commission. The two paragraphs of

Claimant’s second point relied on generally correspond to the Fund’s question of

purported general interest and importance for which this Court granted transfer. Yet

given the overall noncompliance with Rule 84.04, ex gratia review is not warranted.

Upon transfer, and without retransfer under Rule 83.09, the court of appeals opinion in

this case is of no precedential value. This Court will wait to address the issue in another

case, if necessary, upon proper briefing.

 Beyond defective points relied on, about which this Court is most concerned,

Claimant’s briefing violates Rule 84.04 in other aspects. Claimant fails to comply with

Rules 84.04(c) and 84.04(e). Rule 84.04(c) requires a statement of facts and provides,

“All statement of facts shall have specific page references to the relevant portion of the

record on appeal, i.e., legal file, transcript, or exhibits.” (Emphasis added). Rule

84.04(e), specifying the requirements for the argument in briefs, states, “All factual

assertions in the argument shall have specific page references to the relevant portion of

the record on appeal, i.e., legal file, transcript, or exhibits.” (Emphasis added).

Claimant’s method of providing paragraphs of text followed by a citation to pages of the

legal file, transcript, or appendix on which the preceding material may be found does not

strictly adhere to Rule 84.04(c). For every individual statement of fact, a specific page

reference is required. Although Claimant’s style of bookending facts between citations

provides a workable, although inconvenient, solution to provide this Court with enough

reference to ensure reliability in the statement of facts, Claimant’s argument section fails

 11
to consistently identify the source of facts. For example, the first paragraph of argument

following Claimant’s second point relied on begins, “As indicated in the Statement of

Facts ….” Following this statement, despite factual assertions, few specific references to

the record are provided throughout the argument. This violates Rule 84.04(e).

 Rule 84.04(a)(1) requires “a table of cases (alphabetically arranged), statutes, and

other authorities cited, with reference to the pages of the brief where they are cited.” The

third page of Claimant’s brief sets forth a table of authorities, but no page numbers are

provided to locations in the brief where the cases and statutes are cited. This violates

Rule 84.04(a)(1). 6

 Judge Lamm’s discussion of counsel’s failure to follow the rules of appellate

practice is apt here:

 If learned counsel had paid attention to the rules of court in the logical
 arrangement and segregation of his legal propositions …, his case would be
 in a shape contemplated by the rules, but, as it is, his case is here in the
 teeth of them. The rules of appellate practice in hand are simple and plain.
 They fill no office of mere red tape, or as a show of surface routine. To the
 contrary, they have substance, and carry on their face the obvious purpose
 to aid appellate courts in getting at the right of a cause. Hence, apparently,
 they bespeak the dignity arising from obedience. If they are not to be
 obeyed, they should be done away with once for all. A just rule, fairly
 interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it
 necessarily wrongs some men viz., those who labor to obey it-the very ones
 it should not injure. If the rules in question stand for something and are
 ever to be enforced, they should be put in motion in this case. Accordingly,
 they will be applied. We hold, therefore, that appellant has no brief here
 within the fair intendment of our rules.

Sullivan v. Holbrook, 109 S.W. 668, 670 (Mo. 1908).

6
 Rule 84.04(a)(1) likewise requires “[a] detailed table of contents.” (Emphasis added).
Some insight into a party’s argument should be able to be divined from reference to a
brief’s detailed table of contents.

 12
 This Court is cognizant of the ramifications of dismissing the appeal: Claimant

loses the remand granted by the court of appeals; future claimants and the Fund lose, for

the moment, the opportunity of a determination of the question presented in the

application for transfer; and judicial resources were expended to ultimately address

procedural matters. But “Rule 84.04’s requirements are mandatory.” Fowler, 623

S.W.3d at 583. In dismissing this appeal, this Court also emphasizes Claimant was

warned by the court of appeals of the briefing deficiencies he presented to that court.

Rule 83.08(b) permits a party to file a substitute brief in this Court, and Claimant took

advantage of this option. Claimant, however, failed to adequately rectify the

shortcomings identified by the court of appeals. This Court cannot act as an advocate for

Claimant to overcome these problems. “It is our hope the briefs filed in this court in the

future will be an aid to the court, and they will be if Rule [84.04] is followed.” Ambrose

v. M. F. A. Co-op. Ass’n of St. Elizabeth, 266 S.W.2d 647, 649 (Mo. banc 1954).

 Conclusion

 Claimant’s brief so substantially fails to comply with the briefing requirements of

Rule 84.04 that it preserves nothing for appellate review. The appeal is dismissed.

 ____________________________
 Robin Ransom, Judge

All concur.

 13