Peter H. Rea, Branson, for plaintiff-appellant.

Marvin Motley, Law Office of Marvin Motley, Branson, for defendant-respondent.

MAUS, Judge.

The notice of appeal filed by plaintiff Charles Frankoviglia specifies the "Date of Judgment" from which he appeals is November 23, 1988. Defendant Centerre Bank of Branson filed a motion to dismiss the appeal because the notice of appeal was not timely filed. The history of the case establishes the motion has merit.

Plaintiff's petition filed in the Associate Division (Division II) of the Circuit Court of Taney County alleged the defendant bank wrongfully paid two checks "when the signature on those items did not in any way, shape or form, direct or indirect, match or correspond to the signature on the signature card contract." It further alleged "there should be awarded to plaintiff triple damages of $5,000.00 and penalty damages as to the Court would be just." The prayer was for judgment for such damages. On November 23, 1988, the Associate Division held a hearing upon the record. On November 28, 1988, it entered judgment against the plaintiff. On December 9,

Charles **FRANKOVIGLIA,**
**Plaintiff–Appellant,**

v.

**CENTERRE BANK OF BRANSON,**
**Defendant–Respondent.**

**No. 16603.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 21, 1990.

1988, the plaintiff filed his motion for new trial in the Associate Division. On December 23, 1988, the plaintiff filed in the Associate Division his Application for Trial De Novo in the circuit court.

A docket sheet for Division I of the Circuit Court has the following entries.

12–23–88  Transcript from Division II.

3–27–89  Assigned to Asso. Judge Anthony McConnell by local court rule per J.E.

4–14–89  Cause remanded to Associate Division for trial on record or for ruling on motion for new trial.

9–1–89  Transcript from Division II.

9–25–89  The file reflects that P sought damages in excess of $5,000 & that the matter was heard on the record; P's remedy is appeal to the Ct of Appls. JEiffert

Notice of appeal to this court was filed in the circuit court on October 10, 1989.

The plaintiff has responded to the defendant's motion to dismiss the appeal. He first states the petition was informally amended in the Associate Division to reduce the prayer to $2,000 and therefore he was entitled to a hearing de novo in the circuit court. Secondly, he asks this court to grant leave for a late notice of appeal. Those responses cannot aid the plaintiff.

■ Even assuming the petition was amended in the Associate Division to reduce the prayer to $2,000, the plaintiff's Application for Trial De Novo was too late. Judgment on the petition against the plaintiff was entered on November 28, 1988. The controlling statute provides:

"The right of trial de novo provided in subsection 1 of section 512.180 shall be perfected by filing an application for trial de novo with the clerk serving the associate circuit judge within ten days after the judgment is rendered." § 512.190.1.

The plaintiff's motion for new trial filed in the Associate Division did not extend the time for filing an application for trial de novo prescribed in § 512.190.1.

"After examining the statutes and supreme court rules, we find nothing that gives the associate circuit courts, acting under Chapter 517, the authority to rule on 'after-trial motions' such as a motion for new trial. Likewise, we do not find any authority for respondent's contention that the filing of a motion for new trial extends the period for filing an application for trial de novo pursuant to § 512.190, RSMo 1978. Since the time had expired for the filing of the application for trial de novo, the respondent was without jurisdiction to proceed. Cf. State v. Rokita, 588 S.W.2d 250 (Mo.App. 1979) (filing of a motion for new trial in magistrate court did not toll ten day requirement for filing notice of appeal in a criminal case)." State ex rel. Blackwell v. Elrod, 604 S.W.2d 768, 770 (Mo.App. 1980) (footnote omitted.)

The plaintiff's application for a hearing de novo was not filed until December 23, 1988.

"The trial court ruled properly. Under § 512.190, RSMo. 1978, a party has 10 days from the rendition of judgment by an associate circuit judge to file an application for a trial de novo. The ten day period is absolute. Defendant did not file his application for trial de novo within 10 days of the judgment and therefore did not perfect his appeal. State ex rel. Weisman v. Edwards, 645 S.W.2d [732] at 733 [Mo.App.1983]." Avery v. Bi-State Development Agency, 670 S.W.2d 585, 586 (Mo.App.1984).

■ Treating the petition as if the prayer had not been reduced, cannot aid the plaintiff. In that event, the controlling statute provides:

"Appeals to the court of appeals or to the supreme court shall be governed by the same rules applicable to appeals from judgments rendered by circuit judges." § 512.190.2.

The plaintiff's motion for a new trial was denied by the passage of time ninety days after it was filed on December 9, 1988. Rule 78.06. The judgment was final "at the expiration of ninety days after the filing of such motion". Rule 81.05. No appeal is effective "unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." Rule 81.04(a). Plaintiff's

notice of appeal to this court was not filed within that period.

 The authority of this court to grant leave to file a late notice of appeal can be exercised only if a motion for the same is filed within six months from the date of final judgment. Rule 81.07. A motion for late appeal was not filed within that time.

A timely notice of appeal was necessary to vest this court with jurisdiction. *Goldberg v. Mos*, 631 S.W.2d 342 (Mo.1982). The plaintiff's notice was untimely. The defendant's motion is sustained and the appeal is dismissed.

HOGAN, C.J., and SHRUM, J., concur.

FLANIGAN, P.J., recuses.