The FAITH BAPTIST CHURCH OF BERKELEY, INC., Plaintiff/Respondent,

v.

Oscar D. HEFFNER, Defendant/Appellant,

and

Oscar Heffner Real Estate Co., Defendant.

No. 71654.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 25, 1997.

Oscar D. Heffner, St. Louis, pro se.

Thomas C. Boyle, Ellisville, for plaintiff/respondent.

Before CRANE, P.J., and RHODES RUSSELL and JAMES R. DOWD, JJ.

PER CURIAM.

Defendant, Oscar Heffner, appeals from the trial court's judgment after a hearing granting a permanent injunction enjoining him from foreclosing on a 17 year old promissory note and deed of trust against property owned by plaintiff, Faith Baptist Church. Plaintiff asserted the documents were not genuine. Defendant argues that the trial judge was biased and that he was denied due process of law by not being afforded a jury trial which he never requested. We dismiss the appeal for failure to comply with Rules 81.12 and 84.04.

■ Defendant appeals *pro se*. *Pro se* appellants are bound by the same rules of procedure as are lawyers, and are not entitled to indulgences they would not have received if represented by counsel. *Jones v. Wolff*, 887 S.W.2d 806, 808 (Mo.App.1994); *Snelling v. Chrysler Motors Corp.*, 859 S.W.2d 755, 756 (Mo.App.1993). Violations of the rules of appellate procedure constitute grounds for dismissal of an appeal. *Jones*, 887 S.W.2d at 808.

■ Rule 81.12(a) describes what shall be included in the record on appeal. In this case defendant failed to file "all of the record, proceedings and evidence necessary to the determination" of the questions presented. In particular the legal file did not contain a copy of the pleadings upon which the action was tried, and the record on appeal did not contain a transcript of the hearing on the permanent injunction. An appeal may be dismissed for failure to file an adequate record. *Environmental Quality v. Mercantile Trust*, 854 S.W.2d 500, 501 (Mo.App.1993).

■ In addition defendant's brief fails to comply with Rule 84.04 and thus preserves nothing for appellate review. Defendant's jurisdictional statement sets out only two abstract questions of law which defendant identifies as a "jurisdictional constitutional" question and fails to set out any factual data to demonstrate the applicability of any particular constitutional provision under which jurisdiction is sought. *See* Rule 84.04(b). Defendant's statement of facts contains no facts but only sets out the bare legal assertion that defendant has a constitutional right to have all issues of fact tried at the same time by the same jury. Rule 84.04(c) requires a fair and concise statement of the facts relevant to the questions presented for argument.

■ Defendant's points relied on fail to state briefly the actions or rulings of the court for which review is sought and wherein and why they are claimed to be erroneous with citations of authorities thereunder. *See* Rule 84.04(d); *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978). Points which do not state what ruling of the trial court is challenged but instead set out abstract statements of law, preserve nothing for appeal. *Jones*, 887 S.W.2d at 808.

■ Defendant's one paragraph argument bears no relation to the point relied on, except for the last sentence which repeats the point relied on. Arguments raised in the points relied on which are not supported by argument in the argument portion of the brief are deemed abandoned and present nothing for appellate review. *Luft v. Schoenhoff*, 935 S.W.2d 685, 687 (Mo.App.1996). An appellant must develop the contention raised in the point relied on in the argument section of the brief. *Id.* Lastly the brief violates Rule 84.04(h) in that it does not make any reference to the legal file or a transcript.

Because defendant's brief fails to comply with Rules 81.12 and 84.04, this appeal is dismissed. Defendant's motion to strike the plaintiff's brief is denied.