Winston W. BELISLE, d/b/a The
Washboard Laundrymat,
Plaintiff–Appellant,

v.

CITY OF SENATH, Missouri,
Defendant–Respondent.

No. 21738.

Missouri Court of Appeals,
Southern District,
Division One.

June 26, 1998.

Motion for Rehearing or Transfer Overruled
July 13, 1998.

Winston W. Belisle, pro se.

John Hall Dalton, Jr., Dalton, Treasure
and Mowrer, Kennett, for Defendant–Respondent.

Before GARRISON, P.J., and CROW and
BARNEY, JJ.

PER CURIAM.

Winston W. BeLisle ("BeLisle"), d/b/a The
Washboard Laundrymat, appeals from a
judgment stemming from the refusal of the
City of Senath (the "City") to provide BeLisle's business with an "oversize" water connection for the same fee as a regular water
connection. The trial court, without explanation, entered judgment in favor of the City.
We do not reach the reach the merits of the
case, but instead grant the City's motion to
dismiss the appeal.

■ BeLisle, though represented by counsel at trial, appeals *pro se*. *Pro se* parties are bound by the same rules of procedure as parties represented by lawyers, and are not entitled to indulgences they would not have received if represented by counsel. *Faith Baptist Church of Berkeley, Inc. v. Heffner*, 956 S.W.2d 425, 426 (Mo.App. E.D.1997). Violations of the rules of appellate procedure constitute grounds for us to dismiss an appeal. *Id.*

■ The appellant has the duty to provide this court with a full and complete record on appeal. *Jones v. Wolff*, 887 S.W.2d 806, 809 (Mo.App. E.D.1994). An incomplete record forecloses appellate review because it does not contain "all of the record, proceedings, and evidence necessary to the determination of all questions presented," as required by Rule 81.12(a). *Brancato v. Wholesale Tool Co., Inc.*, 950 S.W.2d 551, 554 (Mo.App. E.D. 1997). The record in the instant case contains the trial transcript, relevant docket sheets, the trial court's judgment, BeLisle's notice of appeal, the City's "Motion to Prohibit Evidence of Plaintiff's Lost Profits," and several exhibits. BeLisle has failed to include any of his pleadings, an omission that renders us unable to determine with any certainty what relief BeLisle sought at trial, and what issues he has preserved for appeal. The trial court's judgment, which contains no findings of fact or conclusions of law, describes BeLisle's lawsuit as a "Petition for Damages." That, combined with the City's "Motion to Prohibit Evidence of Plaintiff's Lost Profits" suggests that BeLisle sought damages for lost profits, although the legal file contains no explicit reference or specific description of this.

■ BeLisle's brief, in which he presents seven points of error, provides scant enlightenment. We can discern from it little more than that he is displeased with the trial court's judgment. His first point asserts that a 1969 Senath city ordinance is applicable to this case. His third point cites discrepancies in the testimony of the City's witnesses as to the water connection fee and states essentially that the City failed to follow the ordinance. His fourth point recites the ordinance's fee schedule for a city water connection. None of these three points explains how the ordinance might support BeLisle's position. Similarly, his second point declares that certain testimony supporting the City's case is hearsay, without demonstrating how or why that is so. In his fifth point, BeLisle insists that an ordinance, apparently intended as a successor to the 1969 ordinance, enacted after he initiated this lawsuit is an illegal "Expo–Facto–Law"[sic]; it is not, however, a part of the record. BeLisle's sixth point, which apparently refers to his second, states that his research has uncovered no authority for the denial of water connections based on hearsay evidence. His seventh point takes issue with the trial court's apparent failure to award him damages for lost profits.

■ Rule 84.04(d) provides that a brief's points relied on "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder." Generally, this requirement contemplates a statement of what the appellant believes should have been the trial court's conclusion on the issue, with references to evidence in the record supporting the appellant's argument. *Thummel v. King*, 570 S.W.2d 679, 685 (Mo.banc 1978). Abstract statements of law unaccompanied by an explanation of how they relate to any of the trial court's rulings or actions are insufficient. Rule 84.04(d).

In none of his points does BeLisle address a specific ruling or action of the trial court or cite any authority for his contentions. Nor does he elaborate on any of them by providing an "argument" section, as required by Rule 84.04(a). An appellant whose brief fails to follow the procedural rules puts this court in the position of advocate by forcing us to speculate on the facts and on arguments that have not been presented. *Brancato*, 950 S.W.2d at 554. Thus, compliance with Rule 84.04(d) is mandatory.

BeLisle's woefully inadequate brief, coupled with the incomplete record in this case, compels us to guess at the issues he addressed at trial, as well as those he wishes to present on appeal. We are not obligated to

review his appeal under such circumstances, and we decline to do so. *Faith Baptist Church,* 956 S.W.2d at 426.

The appeal is dismissed.