**STATE of Missouri, Respondent,**

v.

**Bryan L. WESTMORELAND,
Appellant.**

**No. ED 77984.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 26, 2001.

Bryan L. Westmoreland, High Ridge, pro se.

Michael D. Griffith, Asst. Pros. Atty., Hillsboro, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Bryan L. Westmoreland ("appellant"), appeals from the judgment of the Circuit Court of Jefferson County convicting him of Assault of a Law Enforcement Officer in the third degree, Section 565.083, RSMo 1994. Appellant was sentenced to 165 days in county jail with execution of the sentence suspended, and was placed on probation for 2 years with a condition that appellant serve 15 days in county jail. We dismiss.[1]

On June 1, 1999, appellant was charged with assault of a law enforcement officer in the third degree, as a result of an incident that happened on May 3, 1999. After a jury trial, appellant was found guilty as charged. Appellant was sentenced as a prior offender by the trial court on May 3, 2000. On March 15, 2001, appellant filed a brief with this Court. Appellant's brief did not contain table of contents. Appellant's statement of facts was as follows:

1. Manifest Injustice or Miscarriage of Justice
   - Right to Counsel denied: page 43, transcript page 164, (8–22), p 154–155, (1–16)
   - No arraignment of defendant or waiver thereof.(?)
   - Violation of constitutional rights: p 2–3, (13–15)
   - Arousing sympathy of jury: p 143 (2–17)
   - Trial court errors: (Improper Legal file).
   - Denied stay of sentence: legal Record p 22

- Legal record without;
  i. Minute sheets
  ii. Defendant's arraignment
  iii. Notice of appeal

Appellant's points relied on merely state the law.

Rule 30.06(a) of the Rules of Criminal Procedure states: "[t]he brief for appellant shall contain the material prescribed by Rule 84.04(a)." Rule 84.04(a)(1) states that appellant's brief shall contain a "detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited." Additionally Rule 84.04(a)(2–6) states that appellant's brief shall contain a concise statement of the grounds on which jurisdiction of the reviewing court is invoked; a statement of facts; the points relied on; an argument, which shall substantially follow the order of the points relied on; and a short conclusion stating the precise relief sought.

Furthermore, Rule 84.04(c) states that "the statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." The points relied on shall: 1) identify the trial court ruling or action that the appellant challenges; 2) state concisely the legal reasons for the appellant's claim of reversible error; and 3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. Rule 84.04(d)(1). Abstract statements of law, standing alone as points relied on, do not comply with this rule. Rule 84.04(d)(4).

---

1. State's motions to dismiss appellant's appeal pursuant to the escape rule, for failure to comply with the rules regarding appellant's brief contents, and to supplement the record on appeal are rendered moot.

"Pro se appellants are held to the same standards as attorneys and must comply with Supreme Court rules, including Rule 84.04, which sets out the requirements for appellate briefs." *Woodard v. SmithKline Beecham/Quest,* 29 S.W.3d 843, 844 (Mo.App. E.D.2000). As a general proposition, appellate courts are naturally reluctant to decline review in a criminal case for briefing deficiencies. *State v. Cotton,* 32 S.W.3d 577, 581 (Mo.App. W.D. 2000). However, where "the briefing deficiencies are so substantial that the appellate court, in order to conduct any review, would be forced to speculate not only as to the claims being raised, but as to the facts and arguments being relied on in support of the same, we have no choice but to decline review, including plain error review under Rule 30.20." *Id.*

In the case at bar, appellant's brief filed before this Court does not contain a table of contents. Appellant's statement of facts does not conform to the requirements of Rule 84.04(a)(3) and (c). The points relied on merely state the law. The points relied on do not identify the trial court ruling or action that appellant challenges. They do not state concisely the legal reasons for the appellant's claim of reversible error. Also, the brief does not explain in summary fashion, why those legal reasons support his claim of reversible error. The briefing deficiencies in this case are substantial and we decline to review appellant's appeal.

Based on the foregoing, we dismiss appellant's appeal.

CRAHAN, J., and DRAPER, III, J., concur.