**STATE of Missouri, Plaintiff–Respondent,**

v.

**Lane EGGERS, Defendant–Appellant.**

**No. 24069.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 28, 2001.

Lane Eggers, pro se.

Thomas W. Cline, Pros. Atty., Gainesville, for Respondent.

**PARRISH, Judge**

■ Lane Eggers attempts to appeal a conviction for animal abuse. § 578.012, RSMo Cum.Supp.1999. The state filed a motion to dismiss the appeal on the grounds that Mr. Eggers failed to comply with briefing requirements of Rule 84.04. That motion was taken with the case. This court concludes it should be granted. The appeal is dismissed.

■ Mr. Eggers is not represented by counsel in this appeal. He is, nevertheless, bound by the same rules of procedure as parties who are represented by counsel. *Kline v. Casey's General Stores, Inc.,* 998 S.W.2d 140, 141 (Mo.App.1999); *Belisle v. City of Senath,* 974 S.W.2d 600, 601 (Mo. App.1998). As stated in *Kline* :

> [Pro se parties] are not entitled to indulgences they would not have received if represented by counsel. *Faith Baptist Church of Berkeley, Inc. v. Heffner,* 956 S.W.2d 425, 426 (Mo.App.1997).
>
> As explained in *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978):
>
> Ordinarily, an appellate court sits as a court of review. Its function is not to hear evidence and, based thereon, to make an original determination. Instead, it provides an opportunity to examine asserted error in the trial court which is of such a nature that the complaining party is entitled to a new trial or outright reversal or some modification of the judgment entered. It is not the function of the appellate court to serve as advocate for any party to an appeal.... When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inade-

quate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role.

*Id.* at 686. And, in *Sutton v. Goldenberg,* 862 S.W.2d 515 (Mo.App.1993):

While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers. *Brown v. City of St. Louis,* 842 S.W.2d 163, 165 (Mo.App. E.D. 1992). It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.

*Id.* at 517.

998 S.W.2d at 141.

Rule 30.06 requires briefs by appellants in criminal cases to contain the material prescribed by Rule 84.04(a). Rule 84.04(a) states:

The brief for appellant shall contain:

(1) A detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited;

(2) A concise statement of the grounds on which jurisdiction of the review court is invoked;

(3) A statement of facts;

(4) The points relied on;

(5) An argument, which shall substantially follow the order of the points relied on; and

(6) A short conclusion stating the precise relief sought.

The writing filed with this court as appellant's brief consists of 11 pages, the first two of which are cover sheets identifying the filing as being in this court, the parties' names and other general information. The title of the appeal is misstated in that it identifies Mr. Eggers as "Plaintiff/Appellant" and the State of Missouri as "Defendant/Respondant [sic]", whereas the action which is sought to be appealed is a misdemeanor criminal case, State of Missouri v. Lane Eggers. Rule 81.03 requires "the title of the action shall not be changed in consequence of the appeal."

No table of contents is included as required by Rule 84.04(a). The third page of the brief has the words, "Index: APPELLANT BRIEF" at its top. It is followed with a listing represented as "TABLE OF AUTHORITIES" and "GROUNDS & FACTS." The words "Trial Court Error" appear 17 times under the heading "GROUNDS & FACTS." To the right of each of those references, in the center of the page, is a page number. A third column is to the right of the column of page numbers that lists various court rules by number, one citation to a Missouri statute and references to provisions of the U.S. and Missouri constitutions. No case citation appears, although numerous cases are cited in the text that appears on subsequent pages of the writing. Page three does not constitute "[a] detailed table of contents" as required by Rule 84.04(a)(1).

Page four of the writing is not a jurisdictional statement consistent with requirements of Rule 84.04(b). It is a narration of complaints Mr. Eggers directs to conduct of "[o]fficials elected to local Judicial positions" and to prosecuting officials who represented the state in his case. It does not comply with requirements of Rule 84.04(b).

No "points relied on" in the context of Rule 84.04(d) are in the writing filed by Mr. Eggers. The issues appellate courts decide are those raised in points relied on. *In re Marriage of Thomas,* 21 S.W.3d 168, 173 n. 5 (Mo.App.2000). There being no

points relied on in the writing filed in this court, there are no issues for appellate review.

The writing Mr. Eggers filed concludes with a paragraph identified as "conclusion." Although its first sentence ends with a request to "recover justice" by "reversing this erroneous conviction," it is a continuation of a narrative argument rather than "[a] short conclusion stating the precise relief sought" that is required by Rule 84.04(a)(1)(6).

■■ Failure to comply with requirements of Rule 84.04 will result in dismissal of an appeal. Lack of compliance with requirements of Rule 84.04 amounts to failure to preserve issues for appellate review. *Kline,* 998 S.W.2d at 142; *Coale v. Hilles,* 976 S.W.2d 61, 65 (Mo.App.1998); *Williams v. Thomas,* 961 S.W.2d 869, 872 (Mo.App.1998); *Haynes Family Corp. v. Dean Properties, Inc.,* 923 S.W.2d 465, 467 (Mo.App.1996). The state's motion to dismiss the appeal is granted. The appeal is dismissed.

PREWITT and RAHMEYER, JJ., concur.