**Richard D. WHITE, et al., Appellants,**

v.

**Chiquita DARRINGTON, et al., Plaintiffs,**

**Wayne and Nancy DOE, Respondents.**

**No. WD 59762.**

Missouri Court of Appeals, Western District.

Dec. 17, 2002.

---

Richard D. White, Kansas City, MO, for Appellant

James G. Butler, Jr., Overland Park, KS, for Respondent

Before HAROLD L. LOWENSTEIN, P.J., JAMES M. SMART, JR., and THOMAS H. NEWTON, JJ.

JAMES M. SMART, JR., Judge.

Richard D. White appeals the decision of the trial court dismissing his action invok-ing § 453.110, RSMo 2000. We affirm the decision of the trial court.

### Statement of Facts

On March 6, 1999, Chiquita Darrington gave birth to a baby boy out of wedlock in Overland Park, Kansas. Darrington and the biological father, Richard D. White, have never been married and did not live together when the child was born. Darrington named the boy "Richard David White" after his father. Both Darrington and White were residents of Kansas City, Missouri, and continue to be residents of Missouri.

White visited Darrington at the hospital after the child was born. White refused to sign paternity papers at the hospital so that hospital personnel could prepare the birth certificate. While in the hospital, Darrington discussed with a Kansas adop-tion agency the possibility of placing the child up for adoption. White objected to the adoption. Darrington agreed to return to her home with the child.

On March 8, 1999, White drove Darring-ton and the child to Darrington's home in Kansas City, Missouri. White planned to return later and take custody of the child. Later that day Darrington contacted Cho-sen Child Adoption Agency, Inc., located in Tulsa, Oklahoma, concerning the possibili-ty of adoption for the child. Chosen Child sent Darrington a plane ticket for the pur-pose of transporting the child to Oklahoma for adoption proceedings.

The next day, March 9, 1999, Darrington took the child to Tulsa to initiate adoption proceedings. That day, Darrington and the child appeared in the District Court of Tulsa County, Oklahoma, and Darrington's parental rights were terminated by order of the court. Darrington, at first, fraudu-lently failed to disclose White as the puta-tive father. White discovered Darring-

ton's actions. He contacted Chosen Child to request that the child be returned to him in Missouri. On March 11, 1999, Chosen Child filed an amended application and notice naming Richard White as the biological father. On May 7, 1999, White filed a petition for a writ of habeas corpus in the District Court of Tulsa, alleging paternity, objecting to the jurisdiction of the Oklahoma courts, and claiming violations of the statutes of Oklahoma and Missouri and the Federal Constitution. A writ of habeas corpus was issued to Chosen Child, and the District Court conducted hearings concerning the child and parental rights. On August 31, 1999, White's parental rights were terminated. White appealed to the Oklahoma Supreme Court, which upheld the District Court's decision on June 13, 2000. *See White v. Adoption of Baby Boy D.,* 10 P.3d 212 (Okla.2000). The child was subsequently, in October 2001, adopted in Idaho by Wayne and Nancy Doe.

While the Idaho adoption proceeding was still pending, White elected to file in Jackson County, Missouri, a petition for custody and for investigation and report, pursuant to § 453.110 RSMo.[1] The Does intervened. At a hearing on October 10, 2000, the court expressed doubt that it had subject matter jurisdiction to hear a case concerning custody of the child in Idaho. White and the Does submitted legal briefs to the court on this issue. A second hearing was held, and on March 5, 2001, the court denied White's petition for custody and investigation and report, deciding that

there was no basis on which the court could grant White's petition for custody. White now appeals that decision.

## Analysis

■ White raises four points on appeal. Unfortunately, this court finds that no issues are preserved for appeal.

Missouri Supreme Court Rule 84.04(a)(2) states that "[t]he brief for appellant shall contain ... [a] concise statement of the grounds on which jurisdiction of the review court is invoked[.]" Rule 84.04(b) states that the "jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated." Appellant's brief contains an insufficient jurisdictional statement:

> This action is one involving the question of whether Missouri courts have jurisdiction to issue orders of custody of children being transferred from Missouri to another state for the purpose of being placed for adoption as provided by Section 453.110 RSMo and whether or not Missouri is required to give full faith and credit to judgments of a sister state(s) when the sister state(s) lack subject matter jurisdiction and when there is fraud in the concoction and procurement of the judgment(s) and therefore involves the construction of a statute of this state.

1. Section 453.110, in pertinent part, states:
    1. No person ... shall surrender custody of a minor child, or transfer the custody of such a child to another, and no person, agency, organization or institution shall take possession or charge of a minor child so transferred, without first having filed a petition before the circuit court sitting as a juvenile court of the county where the child may be, praying that such surrender or

transfer may be made, and having obtained such an order from such court approving or ordering transfer of custody.
    2. If any such surrender or transfer is made without first obtaining such an order, such court shall, on petition ... order an investigation and report ... and shall make such order as to the custody of such child in the best interest of such child.

The purpose of the jurisdictional statement is to ensure that the record facts affecting jurisdiction are sufficiently developed to demonstrate existence of asserted jurisdiction. *Jameson v. Fox,* 364 Mo. 237, 260 S.W.2d 507, 508 (1953). Appellant's jurisdictional statement contains no facts that indicate that jurisdiction is proper in *this* court pursuant to Article V, Section 3, of the Missouri Constitution. Most notably, the jurisdictional statement makes no reference to any final order to be appealed. A jurisdictional statement that states only the issue presented is insufficient, as this court is not required to search through court records to discover the basis for appellant's appeal. Here, the procedural background related to the grounds for appeal is not contained in the statement of facts, which is also clearly deficient under 84.04.

Rule 84.04(c) requires that briefs contain a statement of facts: "The statement of facts shall be a fair and concise statement of the facts *relevant to the questions presented for determination* without argument" (emphasis added). In this case, the court struck 411 pages of the 588 page legal file on the ground that the documents were not certified or were not part of the trial court record. With the exception of five sentences, the entire seventeen-page statement of facts in the appellant's brief either refers to a section of the legal file that has been stricken or does not contain any citation whatsoever to the legal file. One of the five remaining sentences has a reference directing the court to thirty-one pages of the legal file. The appellant's statement of facts also does not contain *any* reference to the Missouri trial court ruling which he is appealing, contains numerous statements of fact that are not relevant to the issues on appeal, and does not clarify the chronological order of events. "A statement of facts which does not comply with Rule 84.04 and which fails to set forth material evidence preserves

nothing for review." *Angle v. Grant,* 997 S.W.2d 133, 134 (Mo.App.1999).

Appellant's brief also violates Rule 84.04(d), which dictates the form for "Points Relied On." "Where the appellate court reviews the decision of a trial court, each point shall: (A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1). Appellant raises four points on appeal. While White does comply with 84.04(d)(1)(A) by finally identifying for this court the purported error of the trial court—the denial of appellant's petition for custody and for investigation and report—the points are otherwise deficient. The points are not "concise" nor do they provide legal support in a "summary fashion." Two of the Points Relied On are over a page long, and the other two are nearly so. Rambling and nearly incomprehensible, the Points Relied On need not be reproduced in this opinion, but they do not comply with Rule 84.04(d).

The Rule 84.04 violations render this appellate brief of little value. "[C]ompliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Franklin v. Ventura,* 32 S.W.3d 801, 803 (Mo.App. 2000). "Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood." *Id.*

This court granted White several extensions of time to file a brief. After a deadline was missed by the appellant, this court, sua sponte, granted an extension of time to file the brief. Appellant's original brief was struck by this court for failure to comply with Rule 84.04, and time was granted to allow the deficiencies to be remedied. While we note that White's attorney was suffering health difficulties, this court could not have accommodated White to any greater degree. In any event, the legal file reveals that, after all the extensions, White's counsel elected merely to file the brief she earlier filed with trial court. White's counsel then failed to notify opposing counsel she would not appear for argument.

■ Despite the numerous deficiencies contained in appellant's brief, this court is reluctant to deny review. Generally, the importance of settling issues of child custody as expeditiously as possible will persuade the court to overlook Rule 84.04 deficiencies. *See C.A.W. v. Weston,* 58 S.W.3d 909, 911 (Mo.App.2001); *In re Reeder,* 946 S.W.2d 1, 6 (Mo.App.1997). This court has ponderously examined the material submitted by White to determine whether invocation of our discretion under Rule 84.04 would result in any manifest injustice or miscarriage of justice. There is no facial indication that the trial court was mistaken in determining that Missouri has no jurisdiction to issue a custody order pertaining to a child located in Idaho when the parties have engaged in extensive litigation in other states, and that extensive litigation has culminated in a final decree of adoption in another state. *See In re: C.C.,* 32 S.W.3d 824, 829 (Mo.App.2000) (Missouri courts must give full faith and credit to judgments of sister states unless it is shown there was lack of jurisdiction over the subject matter, failure to give due notice, or fraud in the concoction of the judgment). While in this case Darrington initially failed to give notice to White, and initially made fraudulent statements concerning the paternity of the child, these deficiencies were cured relatively quickly in the Oklahoma proceeding, in which White fully participated. Accordingly, we see no facial indication that we must attempt full review of the issues appellant sought to raise.

■ Respondents Wayne and Nancy Doe filed a motion for damages for frivolous appeal pursuant to Rule 84.19. "An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed." *Tower Properties Co. v. Allen,* 33 S.W.3d 684, 687 (Mo.App.2000). "The purpose of awarding damages under Rule 84.19 is (1) to prevent congestion of appellate court dockets with cases devoid of merit which, by their presence, contribute to delaying resolution of cases with merit and (2) to compensate respondents for incurring expenses defending judgments against meritless issues." *Id.* "Frivolous appeal sanctions are imposed with extreme caution to avoid chilling an appeal of even slight, colorable merit." *Id.*

Here, although the appeal was not well handled, we do not find that the appeal itself, in concept, was necessarily of such a nature as to warrant the imposition of sanctions for frivolous appeal.

### Conclusion

The judgment of the trial court is affirmed. The motion for sanctions for frivolous appeal is denied.

LOWENSTEIN and NEWTON, JJ., concur.