STATE of Missouri, Plaintiff–Respondent,

v.

Bobby Gene WATKINS, Jr., Defendant–Appellant.

No. 24980.

Missouri Court of Appeals, Southern District, Division Two.

April 29, 2003.

Appellant pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Andrea Mazza Follett, Asst. Atty. Gen., for Respondent.

KENNETH W. SHRUM, Judge.

Bobby Gene Watkins, Jr. ("Appellant"), was charged with endangering the welfare of a child in the first degree in violation of § 568.045, RSMo (2000).[1] Appellant filed a notice of intent to rely on the defense of not guilty due to mental disease or defect pursuant to § 552.030 and § 562.086. The trial court ordered a pretrial psychiatric evaluation, and two such evaluations were conducted. Based upon those, the court found Appellant not guilty by reason of mental disease or defect pursuant to § 552.030, and it ordered that Appellant be committed to the custody and care of a state mental health facility pursuant to § 552.040. This *pro se* appeal followed. Because Appellant has failed to comply with mandatory briefing requirements, we dismiss the appeal.

■ Whether civil or criminal, all briefs filed in an appellate court must com-

ply with Rule 84.04.[2] *State v. Westmoreland,* 48 S.W.3d 672, 673–74 (Mo.App. 2001); Rules 30.06 and 84.04. Although Appellant is fully entitled to proceed *pro se*, he is bound by the same rules of procedure as those admitted to practice law and is entitled to no indulgence he would not have received if represented by counsel. *State v. Eggers,* 51 S.W.3d 927, 928 [2, 3] (Mo.App.2001). While we recognize the problems faced by *pro se* litigants, this court cannot relax its standards merely because one is a non-lawyer; this is not due to lack of sympathy, but rather it is necessitated by the requirement of judicial impartiality, judicial economy, and fairness to all parties. *Id.* at 929.

To give an example of the woeful inadequacy of Appellant's brief, we reproduce his jurisdictional statement: "I am stating perjury was done on the case by the doctors used for the evaluation, and the attorney use, against my will." Whatever is meant by this statement, it does not comply with either Rule 30.06(b) or Rule 84.04(d). If this were the only briefing deficiency, then perhaps this court could overlook it. Appellant's brief, however, shows flagrant violations of every applicable provision of the mandatory briefing requirements.

The statement of facts gives no comprehensible recitation of the facts relevant to the questions presented for determination without argument in violation of Rule 84.04(c). Moreover, it does not "afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *State v. Wahl,* 89 S.W.3d 513, 515[6] (Mo.App.2002). In actuality, Appellant's "statement of facts" provides virtually no facts.

■ Further briefing deficiencies are found in the sections labelled "points relied

1. All statutory references are to RSMo (2000), unless otherwise indicated.

2. All rule references are to Supreme Court Rules (2002), unless indicated otherwise.

on." These sections are in no conceivable fashion what is contemplated by Rule 84.04(a). For instance, "Points relied on (A)" is as follows: "The court ordered me to be committed to the custody of the director of the department of mental health. This is on page 4 lines 22–25 of transcript." If the points relied on do not follow the mandates of appellate briefing practices, there are no issues which a court can review. *Eggers*, 51 S.W.3d at 929–30.

Further violations also preclude our review. There is no standard of review anywhere in the brief other than an apparent dictionary definition of insanity. This violates Rule 84.04(e). There is no citation to authority, relevant or otherwise, and no explanation of why none is provided. *See Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). We refrain from discussing the other deficiencies of Appellant's brief as the aforementioned mandate a dismissal of this appeal.

 Where the briefing deficiencies are so substantial that the appellate court, in order to conduct any review, would be forced to speculate not only as to the claims being raised, but as to the facts and arguments being relied on in support thereof, we have no choice but to decline review. *Westmoreland*, 48 S.W.3d at 674[3]. A failure to substantially comply with Rule 84.04 preserves nothing for appellate review. *Eggers*, 51 S.W.3d at 930. With exceptions not implicated here, allegations of error not properly briefed shall not be considered on appeal. Rule 30.20 and Rule 84.13(a).

The appeal is dismissed.

PREWITT, P.J., and PARRISH, J., concur.