**Nancy HARRISON, Respondent,**

v.

**WOODS SUPER MARKETS,
INC., Appellant,**

and

**Division of Employment Security,
Respondent.**

**No. 25406.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 25, 2003.

Jerry M. "Jay" Kirksey, Douglas, Haun, Kirksey & Heidemann, P.C., Bolivar, for appellant.

No appearance, for respondent.

Before RAHMEYER, C.J., PARRISH, J., and SHRUM, J.

PER CURIAM.

Woods Super Market, Inc. ("Appellant") appeals the Labor and Industrial Relations Commission's determination that, pursuant to the Missouri Employment Security Law,[1] Nancy Harrison ("Respondent") was entitled to unemployment benefits for the six weeks immediately following her termination by Appellant. Appellant presents two points on appeal; however, due to the fatal deficiencies of Appellant's brief, we dismiss without considering the relative merits of its argument.

All appellate briefs must be written and filed in accordance with Rule 84.04.[2] *State v. Watkins*, 102 S.W.3d 570, 571 (Mo.App. S.D.2003). Compliance with the briefing requirements of Rule 84.04 is mandatory in order to ensure that appellate courts do not become advocates by speculating on the facts and on arguments that have not been made. *Petersen v. Cook*, 92 S.W.3d 831, 834 (Mo.App. S.D. 2003). Appellant's brief, however, is a morass of serious briefing deficiencies, confusing grammatical mistakes, and countless typographical errors. While we refrain from providing an exhaustive list of the shortcomings of Appellant's brief, it is necessary to underscore those deficiencies that are so egregious that they not only warrant but mandate dismissal.

First, Appellant's brief fails to set forth a proper jurisdictional statement, as required by Rule 84.04(b). Rule 84.04(b) requires that jurisdictional statements "set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is predicated." Appellant's statement, however, is little more than a bare recitation that jurisdiction is proper,[3] and thus is insufficient under the terms of Rule 84.04(b). This court is not required to search through court records to discover the basis for Appellant's appeal. *White v. Darrington*, 91 S.W.3d 718, 722 (Mo. App. W.D.2002). To amplify the deficiency in the jurisdictional statement, the proce-

---

1. RSMo § 288.010 et seq. All references to statutes are to RSMo 2000, unless otherwise indicated.

2. All rule references are to Supreme Court Rules (2002) unless otherwise stated.

3. Appellant's jurisdictional statement is as follows: "This is an appeal from a decision of the Commission of the Labor and Industrial Relations Commission State of Missouri by which Appellant, as an aggrieved party, may secure an appeal as provided in § 288.210 RSMo. et seq."

dural background related to the grounds for appeal is not contained in the statement of facts. *Id.*

Second, Appellant's brief also fails to include a recognizable statement of the standard of review, despite the fact that Rule 84.04(e) requires that briefs contain a "concise statement of the applicable standard of review for each claim of error." It is not clear whether Appellant attempted to include the standard of review in its points on appeal, in the text of the main argument, or whether Appellant overlooked this requirement altogether. The fact that we cannot locate the standard of review highlights the difficulty this court has in understanding Appellant's argument on appeal.

■ Finally, and most importantly, Appellant's brief also fails to meet Rule 84.04(d)'s requirements for points relied on. While Appellant's brief includes two points relied on, the points are so jumbled and unclear that the court cannot understand the nature of Appellant's claims. Furthermore, the points fail to state the applicable statute authorizing review, in violation of Rule 84.04(d). "The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). Instead, the purpose of this rule is to give notice to the opposing party as to the precise matters that must be contended with and to inform the court of the issues presented for review. *Othman v. Wal–Mart Stores, Inc.,*

91 S.W.3d 684, 687 (Mo.App. E.D.2002) (citing *Nichols v. Mama Stuffeati's,* 965 S.W.2d 171, 173 n. 1 (Mo.App. W.D.1997)). When a point on appeal fails to comply substantially with the strictures of Rule 84.04(d), nothing is preserved for appellate review. *Watkins,* 102 S.W.3d at 572.

■ Due to the serious deficiencies outlined above, in order to rule on the merits of Appellant's argument, this court would be forced to take up the unenviable—and inappropriate—task of not only deciphering but actually crafting Appellant's argument on appeal.[4] That is a task that this court is neither willing nor authorized to undertake. *Perkel v. Stringfellow,* 19 S.W.3d 141, 147 (Mo.App. S.D.2000) ("The function of the appellate court is to examine asserted trial court error, not to serve as advocate for any party to an appeal."). Because the court is unable to understand Appellant's claims and unauthorized to rewrite them on Appellant's behalf, we have no choice but to decline review. *Watkins,* 102 S.W.3d at 572.

The appeal is dismissed.

---

4. As the Missouri Supreme Court has noted:
   When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role.
   *Thummel,* 570 S.W.2d at 686.