STATE of Missouri, Plaintiff–
Respondent,

v.

James JACKSON, Defendant–Appellant.

No. 25367.

Missouri Court of Appeals,
Southern District,
Division Two.

May 25, 2004.

Motion to Modify Denied
June 17, 2004.

James Jackson, Urbana, pro se.

No Brief filed for respondent.

RAHMEYER, Chief Judge.

James Jackson (Appellant) appeals his conviction for two misdemeanor violations of Section 304.010[1] that resulted in a sentence requiring him to pay $67.50 in fines and court costs.[2] We dismiss the appeal for failure to comply with Rule 84.04.[3]

■ Though he was represented by counsel at trial, Appellant appears in this appeal pro se.[4] *"Pro se* parties are bound by the same rules of procedure as parties represented by lawyers, and are not entitled to indulgences they would not have received if represented by counsel." *Belisle v. City of Senath,* 974 S.W.2d 600, 601 (Mo.App. S.D.1998). While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non-lawyers. *Brown v. City of St. Louis,* 842 S.W.2d 163, 165 (Mo.App. E.D.1992). It is not for lack of sympathy, but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties. *Kline v. Casey's Gen. Stores, Inc.,* 998 S.W.2d 140, 141 (Mo.App. S.D.1999)(*citing Sutton v. Goldenberg,* 862 S.W.2d 515, 517 (Mo.App. E.D.1993)).

■ Appellant raises one point on appeal. Unfortunately, this court finds that Appellant has failed to preserve even this single issue for our review. Where the briefing deficiencies are so substantial that the appellate court, in order to conduct any review, would be forced to speculate not only as to the claims being raised, but as to the facts and arguments being relied on in support thereof, we have no choice but to decline review. *State v. Cotton,* 32 S.W.3d 577, 581 (Mo.App. W.D.2000). Appellant has failed to comply with Rule 84.04 so substantially that his appeal is unreviewable.[5]

We first observe that Appellant's brief does not contain a table of authorities.[6]

---

1. All statutory references are to RSMo 2000, unless specifically stated.

2. The record reveals that on September 10, 2002, at 3:05 p.m., Officer Amanda Kahler issued a speeding ticket to Appellant for driving eighteen miles per hour over the speed limit. Thereafter, at 3:28 p.m., Officer Kahler issued a second speeding ticket to Appellant after she observed him exceeding the speed limit by seven miles per hour.

3. References to Rules are to Missouri Court Rules (2003) unless otherwise indicated.

4. The State ("Respondent") failed to file a brief in this matter.

5. Rule 30.06 requires briefs by Appellants in criminal cases to contain the material prescribed by Rule 84.04(a).

6. In his Appendix, Appellant has a page entitled "Statutes point on Appeal" which lists various Rules of Procedure and possibly a statute number; however, this is insufficient as a Table of Authorities. Additionally, Appellant does include a page with the heading "POINTS AND AUTHORITIES RELIED ON" under which he restates his point on appeal and lists various case names. Unfortunately, as there are no page number references to the location of the cases within his brief, this is similarly insufficient to satisfy Rule 84.04(a)(1).

Rule 84.04(a)(1), however, requires that an appellate brief contain an alphabetical listing of cases, statutes, and other authorities cited, "with reference to the pages of the brief where they are cited."

■ Second, we note that Appellant's brief fails to set forth a proper jurisdictional statement, as required by Rule 84.04(b). Rule 84.04(b) requires that jurisdictional statements "set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated."[7] While Appellant's jurisdictional statement does identify the judgment that is being appealed, it technically does not comply with the requirement of Rule 84.04(b) that sufficient factual data be set forth. See *Robin Farms, Inc. v. Bartholome*, 989 S.W.2d 238, 244–45 (Mo.App. W.D.1999). In fact, in his jurisdictional statement, Appellant even confuses whether he is appealing from a civil or criminal judgment. Appellant's statement is little more than a bare recitation that jurisdiction is proper, and thus is insufficient under the terms of Rule 84.04(b). This court is not required to search through court records to discover the basis for Appellant's appeal. *White v. Darrington*, 91 S.W.3d 718, 722 (Mo.App. W.D.2002).

■ Third, to amplify the deficiency in the jurisdictional statement, the procedural background related to the grounds for appeal is not contained in the statement of facts. See *White*, 91 S.W.3d at 722. Rule 84.04(c) requires Appellant to provide us with a statement of facts that is fair and concise and relevant to the questions presented. The primary purpose of the statement of facts is "to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Simmons v. Lawrence County Jail*, 948 S.W.2d 242, 243 (Mo.App. S.D.1997). Appellant's statement of facts contains none of the above. Following the only actual paragraph contained in the Statement of Facts,[8] Appellant simply replicates a condensed list of the motions and pleadings filed in this case. See *Angle v. Grant*, 997 S.W.2d 133, 134 (Mo.App. S.D.1999)("A statement of facts that consists of nothing more than an abbreviated procedural history fails to provide an understanding of the case and is deficient."). Thereafter, Appellant quotes in block form random questions and answers from the trial transcript. Appellant fails to cite a single fact "relevant to the questions presented for determination." Rule 84.04(c). We thus conclude that Appellant's brief substantially violates Rule 84.04(c).

■ Fourth, Appellant's brief does not comply with Rule 84.04(d)(1)(C) which requires Appellants to pattern their points relied on after the following form: "The trial court erred in [*identify the challenged*

---

**7.** Appellant's Jurisdictional Statement states: "This is a civil and criminal action in which Defendant–Appellant filed a[sic] appeal on December 18, 2002 from a final judgment rendered on January 6, 2003 in two traffic tickets disputed wherein against Plaintiff–Respondent in the Circuit Court of Dallas County."

**8.** To illustrate the deficiencies in Appellant's brief, we reproduce this paragraph exactly as it was written:

Appellant believes Respondent's Facts to be so substantially in error that there approach to be slanted. This case involves the interpretation of two traffic tickets allegedly made by Amanda Kahler in September of 2002. Appellant therefore respectfully submits the following. Thereafter, in December of the same year, in Circuit Court of Dallas County. A bench trail was held also a notice of appeal filed the 18, of December 2002, IN THE MISSOURI COURT OF APPEALS SOUTHERN DISTRICT.

*ruling or action* ], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error* ]." In comparison, Appellant's point states verbatim:

> The trial court erred in granting Respondent judgement and denying Appellant testimony in these two uniform complaint and summons that the trooper attempted improper use of radar not knowing if it is on front or rear moving or stationary because of all the errors and mistakes that there was no showing in court that the electronic device was calibrated tuned and proof the cases are ineffective in there works.

Not only does this point relied on fail to comply with 84.04, but also it is difficult to discern his precise complaint of error.

> Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Franklin v. Ventura,* 32 S.W.3d 801, 803 (Mo.App. W.D.2000). If the point relied on does not follow the mandates of appellate briefing practices, there are no issues which a court can review. *State v. Eggers,* 51 S.W.3d, 927, 929–30 (Mo.App. S.D.2001).

Fifth, Appellant's brief also fails to include a recognizable statement of the standard of review, despite the fact that Rule 84.04(e) requires that briefs contain a "concise statement of the applicable standard of review for each claim of error." It is not clear whether Appellant attempted to include the standard of review in its point on appeal, in the text of the main argument, or whether Appellant overlooked this requirement altogether. The fact that we cannot locate the standard of review highlights the difficulty this court has in understanding Appellant's argument on appeal.

▇ Sixth, Appellant's argument also fails to comply with Rule 84.04(e) which provides that the argument portion of an appellant's brief should "substantially follow the order of 'Points Relied On'." An argument should show how the principles of law and the facts of the case interact. *State v. Jones,* 786 S.W.2d 926, 928 (Mo. App. W.D.1990). Here, Appellant's argument essentially consists of a list of case citations and irrelevant commentary. There is no real argument anywhere in the brief submitted by Appellant. Furthermore, Appellant cites little relevant authority.[9] Appellant refers to only two Missouri cases in his brief and the remainder of his citations are from other jurisdictions, such as California and Ohio. Additionally, all of the citations are incomplete and difficult to understand. Moreover, Appellant's argument clearly fails to advise the Court as to how the facts in the case and the law support his claim of reversible error. Appellant's nonsensical statements coupled with his myriad punctuation and spelling errors make it difficult for this

---

**9.** In a possible attempt to explain why his brief fails to cite relevant authority, Appellant included an appendix page entitled "Instruction to point relied on" which states verbatim:

> I looked for a Case Law on vehicles with low power output and never found any yet in the books I have reference to at this time but their may be some that tell of engines missing because of defective spark plug wires and cannot run at cruising speed without shifting to a lower gear and sill not climb the hills in this area.

Not only is this an improper explanation but it is grammatically and stylistically incorrect to the point of being incomprehensible.

Court to ascertain the meaning of a single sentence. In short, the argument does not support the point relied on and is simply bereft of meaning and clarity.

Seventh, the concluding portion of Appellant's brief, though titled CONCLUSION, is not [a] short conclusion stating the precise relief sought as required by Rule 84.04(a)(6). While its first sentence begins with the words [i]n summary and it ends with a request for reversal, it is a continuation of a narrative argument and not a conclusion in compliance with Rule 84.04(a)(1).

The Rule 84.04 violations render his claims unreviewable. "[C]ompliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Franklin,* 32 S.W.3d at 803. Due to the serious deficiencies outlined above, in order to rule on the merits of Appellant's argument, this court would be forced to take up the unenviable—and inappropriate—task of not only deciphering but actually crafting Appellant's argument on appeal. *See Harrison v. Woods Super Markets, Inc.,* 115 S.W.3d 384, 387 (Mo.App. S.D.2003).

Failure to comply with the rules of appellate procedure constitutes grounds for the dismissal of an appeal. *Faith Baptist Church of Berkeley, Inc. v. Heffner,* 956 S.W.2d 425, 426 (Mo.App. E.D.1997). Appellant's flagrant violation of every applicable provision of the mandatory briefing requirements mandates that his appeal be dismissed.

In addition to dismissing Appellant's appeal, we deny his recently filed Motion to File Exhibits. Appellant's motion wrongly relies on Rule 30.05, which applies to original exhibits utilized at the trial court level. Here, Appellant is requesting to file new evidence that was not before the trial court. Issues and evidence raised for the first time on appeal and not presented to or decided by the trial court are not preserved for appellate review. *State ex rel. Nixon v. Am. Tobacco Co. Inc.,* 34 S.W.3d 122, 129 (Mo. banc 2000); *Vaughn v. Willard,* 37 S.W.3d 413, 416[4] (Mo.App. S.D.2001). Appellant's motion is denied.

The appeal is dismissed.

PARRISH, J., and BATES, J., concur.