Karen King Mitchell, Judge
Troy Knight appeals the dismissal, for failure to state a claim, of his petition for declaratory judgment against the Missouri Board of Probation and Parole. Because Knight failed to timely file his notice of appeal, we lack jurisdiction and must dismiss.
Background
After being sentenced to three concurrent terms of imprisonment, totaling *332 twelve years, upon conviction for three felonies, Knight filed a petition for declaratory judgment in the Cole County Circuit Court, alleging that the Board violated his rights to due process and equal protection by failing to comply with statutory directives that require parole decisions to be made by a majority of the Board when determining Knight's release date. Knight's parole was denied by a unanimous vote of the five members of the Board, but because two positions on the Board were vacant at the time, Knight claimed his due process rights were violated. The Board filed a motion to dismiss for failure to state a claim, arguing that Knight lacked any liberty interest in either parole or the Board's failure to follow its own rules when determining parole eligibility. The trial court granted the Board's motion on November 28, 2016. Knight appealed.
Analysis
Before reaching the merits of Knight's claim on appeal, we first must address the Board's argument that we lack jurisdiction as a result of Knight's failure to file a timely notice of appeal. Alumax Foils, Inc. v. City of St. Louis , 939 S.W.2d 907, 910 (Mo. banc 1997) ("In every case it is incumbent on the Court to determine its jurisdiction before reaching the merits of an appeal."). "An indispensable prerequisite to appellate jurisdiction and a vital step for perfecting an appeal is the timely filing of a notice of appeal." State v. Carter , 202 S.W.3d 700, 706 (Mo. App. W.D. 2006) (quoting State ex rel. Blackwell v. Elrod , 604 S.W.2d 768, 769 (Mo. App. E.D. 1980) ). "If a notice of appeal is untimely, the appellate court is without jurisdiction and must dismiss the appeal." Id. (quoting In re Marriage of Short , 847 S.W.2d 158, 161 (Mo. App. S.D. 1993) ).
Rule 81.04(a)[1] provides that "[n]o ... appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final." "For the purpose of ascertaining the time within which an appeal may be taken ... [a] judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed." Rule 81.05(a)(1).
Here, the judgment was entered on November 28, 2016, and neither party filed any after-trial motions. Thus, the judgment became final on December 28, 2016. The notice of appeal was then due no later than January 7, 2017. But because January 7, 2017, was a Saturday, the notice of appeal was due the following Monday, January 9, 2017. Rule 44.01(a).
On January 5, 2017, Knight completed a Notice of Appeal form but did not file it until February 6, 2017. Thus, his notice of appeal was untimely.
In his reply brief, Knight argues that he sought and was granted leave to file a late notice of appeal under Rule 30.03. Rule 30.03, however, applies to appeals from only felony convictions and post-conviction matters based upon felony convictions. Knight's appeal is based upon a civil matter-a petition for declaratory judgment. Thus, the applicable rule is Rule 81.07.
"Rule 81.07(a) establishes a process for obtaining a special order permitting a late notice of appeal." Carter , 202 S.W.3d at 706 (quoting Berger v. Cameron Mut. Ins. Co. , 173 S.W.3d 639, 640 (Mo. banc 2005) ). In pertinent part, the rule provides:
The special order may be allowed by the appellate court only upon motion with notice to the adverse parties filed within six months from the date the judgment *333 appealed from became final for purposes of appeal and only upon a showing by affidavit, or otherwise, that the delay was not due to appellant's culpable negligence.
Rule 81.07(a).
"The intent of Rule 81.07 is to provide a six-month grace period 'from the date of final judgment' within which an appellate court may permit a late filing of a notice of appeal." Carter , 202 S.W.3d at 706 (quoting Rule 81.07(a)). "To give meaning to the word 'final' as used in Rule 81.07, it must mean the period prescribed by Rule 81.05 within which a judgment becomes a final judgment." Id. "Moreover, '[t]he six month time period within which a prospective appellant can seek a special order cannot be enlarged.' " Id. (quoting Berger , 173 S.W.3d at 640 ).
Here, Knight attempted to file a motion, pursuant to Rule 81.07, for leave to file a late notice of appeal, but his motion was not accepted by this court for filing because he failed to include with his motion both a copy of the judgment from which he sought to appeal and a certificate of service reflecting service upon the Board. On January 9, 2017, this court sent Knight a letter advising him of the deficiencies so that he could file a corrected motion. Knight again attempted to file his Rule 81.07 motion, this time including a copy of the judgment, but he again failed to include a certificate of service reflecting service upon the Board. On January 23, 2017, this court sent Knight a second letter, again advising him of the deficiencies in his motion and specifically noting:
You still have not shown that you served a copy on opposing counsel. You still are showing that you sent a copy to the Circuit Court and to our office.
You need to send a copy to the attorney that represented the Missouri Board of Probation and Parole in your case in the Circuit Court.
The letter further advised Knight that his motion was "being returned again." Thereafter, Knight made no further efforts to file a corrected motion for leave to file a late notice of appeal. And because neither of his prior attempts were accepted for filing, this court issued no ruling on the motion. Consequently, contrary to Knight's assertion in his reply brief, he was never granted leave to file a late notice of appeal.
The window for granting such leave closed on June 28, 2017, and it cannot now be reopened. See Frankoviglia v. Centerre Bank of Branson , 791 S.W.2d 7, 9 (Mo. App. S.D. 1990) ("The authority of this court to grant leave to file a late notice of appeal [under Rule 81.07(a) ] can be exercised only if a motion for the same is filed within six months from the date of final judgment.").
"While we recognize the problems faced by pro se litigants, this court cannot relax its standards merely because one is a non-lawyer; this is not due to lack of sympathy, but rather it is necessitated by the requirement of judicial impartiality, judicial economy, and fairness to all parties." Carter , 202 S.W.3d at 707 (quoting State v. Watkins , 102 S.W.3d 570, 571 (Mo. App. S.D. 2003) ). "Therefore, 'we are not permitted to hold pro se litigants to a different standard than those who have benefit of counsel.' " Id. (quoting In re Interest of T.C.T. , 165 S.W.3d 529, 532 (Mo. App. W.D. 2005) ).
In short, "a timely notice of appeal was necessary to vest this court with jurisdiction to entertain [Knight's] appeal." Id. at 709. Knight's "notice was untimely, and he also failed to obtain ... this court's special order permitting him to file a late notice of appeal pursuant to Rule 81.07(a)." Id. "An appeal without statutory sanction *334 confers no authority upon an appellate court except to enter an order dismissing the appeal." Id. (quoting Davis v. Oaks , 942 S.W.2d 464, 467 (Mo. App. W.D. 1997) ).
Accordingly, this appeal is dismissed.
Conclusion
Because Knight failed to file a timely notice of appeal, we are without jurisdiction to entertain his appeal. Therefore, the appeal is dismissed.
Cynthia L. Martin, Presiding Judge, and James Edward Welsh, Judge, concur.

All rule references are to the Missouri Supreme Court Rules (2017).