**C.C.J.K., A Minor, By His Next Friend Danny T. Kercher, Defendant,**

**Danny T. Kercher, Respondent,**

v.

**Penny JACKSON, Appellant,**

**Samuel, Kathryn and Courtney, Plaintiffs.**

No. WD 57080.

Missouri Court of Appeals, Western District.

Feb. 15, 2000.

---

Penny Jackson, pro se, for appellant.

Karen M. Hunt, Sadalia, for respondent.

Kenneth M. Dake, Sadalia, for plaintiffs.

Karen C. Woodley, Warsaw, for defendant.

Before SPINDEN, P.J.,
LOWENSTEIN, and ULRICH, JJ.

ROBERT G. ULRICH, Judge.

Penny Jackson appeals the judgment of the trial court finding that Danny Kercher is the father of the minor child, C.C.J.K., and awarding Mr. Kercher sole legal and physical custody of the child. Mr. Kercher filed a motion to dismiss the appeal for failure to comply with the briefing requirements of Rule 84.04, which was taken with the case. The motion is granted, and the appeal is dismissed.

Ms. Jackson appeals *pro se*. *Pro se* appellants are bound by the same rules of procedure as appellants represented by licensed attorneys and are not entitled to preferential treatment regarding compliance with procedural rules such as Rule 84.04. *Shochet v. Allen,* 987 S.W.2d 516, 517 (Mo.App. E.D.1999); *Faith Baptist Church of Berkeley, Inc. v. Heffner,* 956 S.W.2d 425, 426 (Mo.App. E.D.1997). Violations of rules of appellate procedure, and specifically Rule 84.04, constitute grounds for a court to dismiss an appeal. *Id.*

Rule 84.04 sets forth the requirements for filing briefs with appellate courts. *Estate of Dean v. Morris,* 963 S.W.2d 461, 466 (Mo.App. W.D.1998). It requires that the appellant's brief contain a concise statement of the grounds on which appellate jurisdiction is invoked. Rule 84.04(a)(2); *Robin Farms, Inc. v. Bartholome,* 989 S.W.2d 238, 244 (Mo.App. W.D. 1999). Rule 84.04(b) further provides in pertinent part:

Bare recitals that jurisdiction is invoked "on the ground that the construction of the Constitution of the United States or

of this state is involved" or similar statements or conclusions are insufficient as jurisdictional statements. The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, Section 3, of the Constitution whereon jurisdiction is sought to be predicated.

Rule 84.04(b).

The jurisdictional statement in Ms. Jackson's brief does not comply with Rule 84.04. It contains a bare recital that appellate jurisdiction is invoked and a listing of eight abstract questions presented on appeal. Ms. Jackson's jurisdictional statement does not set forth a particular provision or provisions of Article V, Section 3, of the Constitution under which jurisdiction is sought or sufficient factual data to demonstrate the applicability of any particular constitutional provision.

Likewise, the statement of facts contained in Ms. Jackson's brief fails to comply with Rule 84.04. Rule 84.04(c) requires a fair and concise statement of the facts relevant to the questions presented for determination without argument. Rule 84.04(c). All statements of fact must have specific page references to the legal file or transcript. Rule 84.04(i). The statement of facts contained in Ms. Jackson's brief is hardly concise and includes facts seemingly irrelevant to the issues Ms. Jackson attempts to raise on appeal. Additionally, while Ms. Jackson's statement of facts contains some page references to the legal file or transcript, many pages within the statement of facts do not contain a single page reference to the record on appeal.

Finally, the points relied on contained in Ms. Jackson's brief do not comply with the requirements of Rule 84.04. Rule 84.04(d) requires each point in an appellant's brief to (1) identify the trial court ruling or action that the appellant challenges; (2) state concisely the legal reasons for the appellant's claims of reversible error; and (3) explain in summary fashion why, in the context of the case,

those legal reasons support the claim of reversible error. Rule 84.04(d)(1)(A)-(C); *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338 (Mo. banc 1998); *Thummel v. King*, 570 S.W.2d 679, 685–686 (Mo. banc 1978). "Abstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4). The purpose of the briefing requirements regarding points relied on is to give "notice to the party opponent of the precise matters which must be contended with and answered" and "to inform the court of the issues presented for resolution." *Thummel*, 570 S.W.2d at 686. If the appellate court must search the argument portion of the brief or the record on appeal to determine or clarify the nature of the asserted claims, the court may interpret the claims differently than the opponent or differently than was intended by the party asserting the claim. *Id.* The function of the appellate court is to examine asserted trial court error, not to serve as advocate for any party to an appeal. *Id.* Where a brief fails to comply with the applicable rules and does not sufficiently advise the court of the contentions asserted and the merit thereof, "the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked to assume such a role." *Id.*

The first point relied on in Ms. Jackson's brief reads:

THE TRIAL COURT ERRED IN ORDERING THAT DANNY T. KERCHER IS THE BIOLOGICAL FATHER OF [C.C.J.K.], MINOR.

The point does not state concisely the rule of law the trial court should have applied or the evidentiary basis supporting application of the rule of law. It does not disclose the issues Ms. Jackson is raising on appeal. While the brief does list below the point "legal reasons which support this claim of reversible error" in the form of

statutes and case citations, no showing is made of how the statements of law are related to any ruling of the trial court. Furthermore, the argument portion following the point provides little assistance in clarifying the issue and instead alleges several vague, random trial court errors. The point and argument are "so nebulous that it is impossible to identify" the issues Ms. Jackson is attempting to raise. *Shochet,* 987 S.W.2d at 518 (quoting *J.A.D.,* 978 S.W.2d at 339). The remaining four points are equally deficient. To attempt to review the points as stated in Ms. Jackson's brief, this court would be improperly acting as an advocate for Ms. Jackson.

Based on Ms. Jackson's failure to comply with the requirements of Rule 84.04, the appeal is dismissed.

SPINDEN, P.J. and LOWENSTEIN, J., concur.