STATE of Missouri, Respondent,

v.

Troy M. NUNLEY, Appellant.

No. WD 60657.

Missouri Court of Appeals,
Western District.

April 29, 2003.

Troy M. Nunley, Columbia, pro se.

Julia N. Hosmer, Prosecuting Attorney, Columbia, for respondent.

Before NEWTON, P.J., and ULRICH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Troy M. Nunley appeals the judgment of his conviction, following a bench trial in the Circuit Court of Boone County, for failure to wear protective headgear while operating a motorcycle, § 302.020.2.[1] As a result of his conviction, the appellant was fined $25.

The appellant raises four points on appeal. We dismiss for failure to comply with the briefing requirements of Rule 84.04.[2]

**Facts**

On August 8, 2001, a police officer with the Columbia, Missouri, Police Department stopped the appellant who was riding his motorcycle near downtown Columbia, Missouri. The officer issued the appellant a traffic citation for failing to wear protective headgear while operating a motorcycle in motion.

A bench trial was held on October 30, 2001, in the Circuit Court of Boone County, Associate Division. Prior to the presentation of evidence, the appellant moved for a judgment of acquittal based upon the alleged unconstitutionality of § 302.020. The trial court overruled the appellant's motion. After the State had rested, the appellant chose not to offer any evidence.

The trial court found the appellant guilty of violating § 302.020. On November 13, 2001, the court entered a judgment of conviction and fined the appellant $25.

This appeal follows.

**I.**

Before addressing the merits of the appellant's claims of error, we first address the obvious deficiencies in his amended brief.

A *pro se* appellant, as is the appellant in this case, is subject to the same briefing requirements as an appellant represented by counsel. *Hardin v. State,* 51 S.W.3d 129, 131 (Mo.App.2001). Pursuant to Rule 30.06(a), the appellant in a criminal case is bound by the briefing requirements of Rule 84.04(a). Rule 84.04(a) requires the appellant's brief to include "points relied on," which are governed by Rule 84.04(d). Rule 84.04(d) reads:

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. All rule references are to the Missouri Rules of Civil Procedure (2003), unless otherwise indicated.

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

" 'Thus, the rule requires that each point relied on: (1) identify the trial court's ruling or action that the appellant is challenging on appeal; (2) state the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.' " *Wilson v. Carnahan*, 25 S.W.3d 664, 666 (Mo.App.2000) (*quoting Hall v. Mo. Bd. of Prob. & Parole*, 10 S.W.3d 540, 543 (Mo.App.1999)). " 'The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.' " *Id.* "Rule 84.04(d) 'sets forth a form for a point relied on that satisfies the [rule's] requirements.' " *Id.* (*quoting In re Marriage of Wright*, 990 S.W.2d 703, 708 (Mo. App.1999)).

The appellant's four points relied on read:

I. The U.S. Constitution, specifically the 14th Amendment's 'due process' clause forbids the enforcement of any law that does not define the offense so that the ordinary citizen of ordinary intelligence can know with certainty what is required of them in order to comply with that law.

II. R.S. Mo. 302.020 gives power to the Director of the DMV to set the state standard for motorcycle headgear.

III. The enforcement of the standards set by the Director of the DMV constitutes an enforcement of Federal Motor Vehicle Safety Statute 218.

IV. Enforcement of FMVSS 218 constitutes an enforcement of a law that does not specify the offense so that citizens of ordinary intelligence can know with certainty what is required to comply.

The appellant's points are deficient in that: (1) they fail to identify the ruling or action of the trial court that is being challenged; and (2) they fail to state the legal reasons for the appellant's claims of reversible error.[3] At best, the appellant's points are nothing more than abstract statements of the law, which, "standing alone, do not comply with [Rule 84.04(d) ]." Rule 84.04(d)(4).

It is well settled that a "point relied on written contrary to the mandatory requirements of Rule 84.04(d), which cannot be comprehended without resorting to other portions of the brief, preserves nothing for appellate review." *State v. Dodd*, 10 S.W.3d 546, 556 (Mo.App.1999). Here, our review of the other portions of the appellant's brief, including his argument as

---

**3.** As to the third element of a proper point relied on, an explanation as to why, in the context of the case, the legal reasons alleged in the point relied on support the appellant's claim of reversible error, that element would necessarily also be missing where no legal reasons were cited.

to each point, does not aid us in comprehending the claims of error that he is attempting to raise on appeal.

The appellant's argument in Points I–III consist of single paragraphs, which read:

The 14th Amendment's 'due process' clause ensures that no citizen can be prosecuted under laws the general public could not be expected to understand. *State of Washington v. Scimmellpfennig* asserts that the standard here is the intelligence of the ordinary citizen.

The judgment against the Appellant constituted and [sic] enforcement of R.S.Mo. 302.020. This statute mandates that some form of protective headgear must be worn at all times by passengers and operators of motorcycles. Further, power to set the standard for what constitutes "protective headgear" is invested in the Director of the DMV.

FMVSS 218 has been named the standard for motorcycle helmets by the Director of the DMV. Direct evidence for this can be found in Missouri's Rules of the Department of Revenue. If further confirmation is necessary, the Missouri State homepage also cites this as Missouri's standard.

As to Point IV, the argument is slightly more expanded, approximately one page, consisting primarily of four possible "complaints" that citizens could raise when confronted with the need to purchase protective headgear when riding a motorcycle. Even if we were to conclude that these minimal arguments were sufficient to cure the deficiencies of the appellant's points relied on, they themselves are so deficient that we decline review. The argument in all four points is wholly undeveloped such that we deem it abandoned. *Eagle ex rel. Estate of Eagle v. Redmond,* 80 S.W.3d 920, 924 (Mo.App.2002).

The appellant's brief is deficient in several other respects. First, although required by Rule 84.04(e), the appellant failed to set forth the applicable standard of review in the argument portions of his brief. Second, Rule 30.06(e) and Rule 84.04(i) require the argument to have "specific page references to the legal file or the transcript," which are lacking in the appellant's brief. It is improper for this court to comb through the record searching for the facts that would support the appellant's claims, whatever they may be. *State v. Flint,* 26 S.W.3d 178, 179 (Mo.App.2000).

■ As a general proposition, we are naturally reluctant to decline appellate review in a criminal case for briefing deficiencies. However, where, as here, the briefing deficiencies are so substantial that, in order to conduct any review, we would be forced to speculate not only as to the claims being raised, but as to the facts and arguments being relied on in support of the same, we have no choice but to decline review. *Koenig v. State,* 17 S.W.3d 911, 912 (Mo.App.2000).

### Conclusion

The appeal is dismissed for failure to comply with the briefing requirements of Rule 84.04.

NEWTON, P.J., and ULRICH, J., concur.