**STATE of Missouri, Respondent,**

v.

**Ahmed Fahim MOHAMED, Appellant.**

**No. WD 61596.**

Missouri Court of Appeals, Western District.

July 29, 2003.

Roscoe E. Moulthrop, Jr., Prosecuting Attorney, Bethany, MO, for Respondent.

Ahmed Fahim Mohamed, Redondo Beach, CA, pro se.

Before ULRICH, P.J., and HOWARD and NEWTON, JJ.

VICTOR C. HOWARD, Judge.

Ahmed Mohamed ("Mohamed") appeals *pro se* from his conviction in Harrison County of speeding in violation of § 304.010.[1] As a result of his conviction, Mohamed was fined $130. We dismiss for failure to comply with the briefing requirements of Rule 84.04.[2]

### Facts

On February 23, 2002, the Missouri State Highway Patrol issued a citation to Mohamed for driving in excess of the speed limit.[3] An arraignment on the traffic ticket was scheduled for May 1, 2002, in the Harrison County Circuit Court. On April 26, 2002, Mohamed entered a plea of guilty by telephone. The court ordered Mohamed to appear in court for payment on June 5, 2002, or mail payment for the fine and costs before that date. Apparently, Mohamed mailed a money order for $130, the amount of the fine, to the court sometime in May of 2002. Mohamed appeared in court on June 5, 2002, and expressed his desire and readiness to proceed to trial. The patrolman who issued the citation was not present; therefore, Mohamed moved to dismiss the case for lack of prosecution. The Honorable Thomas R. Alley found Mohamed already had pled guilty and paid the fine, and denied the motion. This appeal follows.

### Argument

We cannot reach the merits of Mohamed's claims of error because of the glaring deficiencies in his brief. It is within our discretion to dismiss an appeal for failure to comply with briefing requirements. *Hampton v. Davenport*, 86 S.W.3d 494, 496 (Mo.App. S.D.2002). A *pro se* appellant must meet the same briefing requirements as an appellant represented by counsel. *State v. Nunley*, 103 S.W.3d 374, 375 (Mo.App. W.D.2003). The appellant in a criminal case, pursuant to Rule 30.06(a), must meet the briefing content requirements of Rule 84.04, which includes a requirement that appellant's brief contain points relied on.

Rule 84.04(d) governs the "points relied on" portion of an appellate brief. It reads, in relevant part:

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. All rule references are to the Missouri Rules of Civil Procedure (2002), unless otherwise indicated.

3. As this court was not provided with a transcript or response brief, we have attempted to piece together the factual and procedural history of the case from the docket sheet and legal file.

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

The purpose of the rule is to notify the opposing party of the precise matters with which it must contend and to inform the court of the issues presented for review. *Nunley*, 103 S.W.3d at 376. The rule even provides a form for a "point relied on" that satisfies the rule's requirements. *Id.* Since Mohamed did not draft points relied on, the deficiency of his brief is, in this respect, obvious.

Our review of the other portions of Mohamed's brief, including the loosely outlined argument section, does not aid us in comprehending the claims of error he is attempting to raise on appeal. *Id.* at 376–77. The arguments lack cohesion and clarity and cite several Federal Rules of Civil Procedure and California cases, but no Missouri law. Mohamed's brief is deficient in other respects. He did not include a compliant jurisdictional statement or set forth the applicable standard of review.

An appellant is expected to reasonably comply with the rules for appellate practice. *Sutton v. Goldenberg*, 862 S.W.2d 515, 517 (Mo.App. E.D.1993). "Judicial impartiality, judicial economy, and fairness to all parties require reasonable compliance." *Hampton*, 86 S.W.3d at 497. It is not the appellate court's duty to become an advocate for the appellant and search the record for error. *Id.* Although generally we are reluctant to decline appellate review in a criminal case for briefing deficiencies, we must in this case because the deficiencies are such that, in order to conduct any review, we would have to speculate as to the claims being raised and the facts and arguments being relied on in support of those claims. *Nunley*, 103 S.W.3d at 377.

## Conclusion

The appeal is dismissed for failure to comply with the briefing requirements of Rule 84.04.

ULRICH, P.J., and NEWTON, J., concur.