Gary WENZEL, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 26938.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 27, 2006.

Motion for Rehearing and Transfer
Denied Feb. 14, 2006.

Application for Transfer Denied
April 11, 2006.

Gary Wenzel, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Office of Atty. Gen., Jefferson City, for respondent.

KENNETH W. SHRUM, Presiding Judge.

Gary Wenzel ("Movant") sought post-conviction relief via a Rule 29.15 motion after he was convicted of manufacturing methamphetamine (§ 195.211.1).[1] After his conviction was affirmed on direct appeal in *State v. Wenzel*, 119 S.W.3d 650 (Mo.App.2003), Movant timely filed a *pro se* motion per Rule 29.15 to vacate, set aside, or correct the judgment and sentence.

Court-appointed counsel then filed an amended motion, charging Movant's trial lawyer rendered ineffective assistance. The motion court denied Movant's claims following an evidentiary hearing. Movant appeals, acting *pro se*. Respondent's brief requests dismissal of Movant's appeal for failure to comply with the briefing requirements of Rule 84.04. Deficiencies in Movant's brief are of such magnitude that we are compelled to dismiss the appeal.

An account of the evidence adduced in Movant's criminal trial is reported in *Wenzel*, 119 S.W.3d 650, and need not be repeated here. Suffice it to say, there was sufficient evidence presented to prove him guilty beyond a reasonable doubt of manu-

---

**1.** All rule references are to Supreme Court Rules (2005), unless indicated otherwise. All statutory references are to RSMo (2000), unless stated differently.

facturing methamphetamine. This was found from evidence that Movant had exclusive possession of an automobile that contained a methamphetamine lab in the trunk and testimony about Movant's conduct and appearance once the automobile was stopped.[2]

After Movant's conviction and sentence were affirmed, he filed a *pro se* Rule 29.15 motion in which he charged that both his trial lawyer and appellate counsel were constitutionally ineffective. In the amended motion, appointed counsel charged fifteen separate instances of alleged ineffective assistance by Movant's trial lawyer. As stated before, the motion was denied. His appeal to this court followed.

Preliminarily, we note Movant has opted to proceed *pro se* before this court. He did this by implicitly refusing the public defender as his appellate counsel.[3] His refusal of public defender representation apparently stems from his belief that they did not "intend[ ] to faithfully represent his interests." Movant insisted to this court that he be appointed "private counsel" and suggested John D. Ashcroft and Janet E. Ashcroft would be acceptable to him as "competent appellate counsel in this matter."

Although Missouri's post-conviction law entitles an indigent movant to appointment of counsel, it does not mandate the appointment of a particular counsel or entitle a movant to reject the Missouri State Public Defender System as appointed counsel without showing justification for such rejection. Rule 29.15(e); *see, e.g., State v. Boyd*, 842 S.W.2d 899, 902 (Mo.App.1992) (holding, "The constitutional right to counsel does not mean that an accused is entitled to a particular attorney.")

Movant's refusal to sign affidavits of indigency and his comments and allegations made in documents filed with this court conclusively show he would not accept a lawyer from the public defender's office as his post-conviction appellate counsel, yet at the same time, he has insisted he wanted a lawyer to handle his appeal and never intended to waive his entitlement to counsel. What we see in this is an attempt by Movant to play the system in the same way that a non-indigent criminal defendant does when he or she refuses to hire counsel, yet continues to insist on having a lawyer. *See State v. Clay*, 11 S.W.3d 706, 713 (Mo.App.1999).

█ Movant's actions are unacceptable. Although *Boyd* and *Clay* dealt with an accused's constitutional right to counsel in a criminal case, they are sufficiently analogous to support our view that Movant's pattern of behavior in refusing to accept public defender representation without justification and his insistence on appointed counsel other than public defenders amounted to an implied waiver of his right to appellate counsel in this case.[4]

2. The only question presented by Movant's direct appeal was whether sufficient competent evidence was adduced to support his conviction of the crime charged. 119 S.W.3d at 652.

3. Initially, Craig A. Johnston, a lawyer with the Missouri State Public Defender System, entered his appearance as Movant's appellate lawyer in his post-conviction appeal. However, the Missouri State Public Defender System was allowed to withdraw after Movant refused to complete and deliver to that agency the affidavit of indigency required by section 600.086.

4. There is no constitutional right to counsel for post-conviction relief proceedings. *Barnett v. State*, 103 S.W.3d 765, 773[19] (Mo. banc 2003), *cert. denied, Barnett v. Missouri*, 540 U.S. 862, 124 S.Ct. 172, 157 L.Ed.2d 114 (2003). Missouri Supreme Court rules do provide, however, for the appointment of counsel in post-conviction cases. Rule 29.15(e).

It was Movant's prerogative to act as he did. Having chosen that path, Movant's only choice was to file his brief *pro se*. However, Movant's status as a *pro se* appellant does not entitle him to preferential treatment regarding procedural rules. *State v. Eggers*, 51 S.W.3d 927, 928[3] (Mo. App.2001); *C.C.J.K. ex rel. Kercher v. Jackson*, 11 S.W.3d 110, 111[2] (Mo.App. 2000). He is bound by the same procedures and rules as an attorney, including Supreme Court Rule 84.04 which sets forth the requirements for appellate briefs. *Eggers*, 51 S.W.3d at 928[2]; *Jackson*, 11 S.W.3d at 111.

We note that Rule 84.04 provides the standards that all must follow when proceeding with an appeal. Under that rule, a brief must contain, *inter alia:* (1) a concise jurisdictional statement; (2) a statement of facts; (3) points relied on; (4) an argument which substantially follows the order of the points relied on; and (5) a short conclusion stating the precise relief sought. Rule 84.04(a)(2–6). Here, Movant's brief violates nearly every provision of Rule 84.04(a).

First, Movant's jurisdictional statement has nothing to do with his post-conviction appeal. It is a jurisdictional statement apparently copied from the brief in his direct appeal. Similarly, his four-page "statement of facts" is merely a recital of evidence adduced at his criminal trial. It is wholly devoid of any facts or evidence from the post-conviction hearing. This violates Rule 84.04(c) which mandates that an appellant's brief have "a fair and concise statement of the facts *relevant to the questions presented for determination.*" (Emphasis supplied.) To be cognizable "questions presented for determination" in this appeal, the questions must relate to Movant's post-conviction claims. Movant cannot use his post-conviction motion as a substitute for a direct appeal or to obtain a

second appellate review of his claim that there was insufficient evidence to convict him. *State v. Redman*, 916 S.W.2d 787, 793 (Mo.banc 1996). Consequently, his statement of facts (which recounts no facts from his post-conviction hearing) is wholly deficient.

In a similar vein, Movant's first point relied on attempts to raise a direct appeal claim, i.e., that there was insufficient evidence to support his conviction. Movant then goes down the same path in the argument part of his brief. Thus, fifteen pages of the seventeen-page argument section of his brief are devoted exclusively to his claim that insufficient evidence existed in his criminal trial to sustain his conviction. Movant simply ignores the fact that this issue was fully litigated in his direct appeal and that it cannot be relitigated in this post-conviction proceeding. *Cole v. State*, 152 S.W.3d 267, 269[5] (Mo.banc 2004); *Boyd v. State*, 86 S.W.3d 153, 159[16] (Mo. App.2002).

We look next at five pages in Movant's brief that have been denominated points "2, 3 and 4." "Points relied on are critical and must be stated as specified in Rule 84.04(d)." *Storey v. State*, 175 S.W.3d 116, 126 (Mo.banc 2005). That rule requires each point to "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1).

Here, there are no "points relied on" in Movant's brief within the meaning and context of the rule. What Movant has denominated as "points 2, 3 and 4" fail to (1) identify the ruling or action of the motion court that he challenges; (2) state concisely the legal reasons for his claims of reversible error; and (3) explain, in sum-

mary manner why, in the factual context of the case, those legal reasons support the claim of reversible error. As such, Movant's "points" preserve *nothing* for our review. *Storey*, 175 S.W.3d at 126 (quoting *State v. Dodd*, 10 S.W.3d 546, 556 (Mo. App.1999)).

As a general policy, however, appellate courts prefer to decide a case upon its merits, and as such, we have looked to other parts of Movant's brief for aid in comprehending the claims of error that Movant has attempted to raise on appeal. Unfortunately, we find no help there, either in the "statement of facts" part of Movant's brief or in the argument section thereof.

■ The recognized purpose for Rule 84.04(c)—the "statement of facts" rule—is to afford an immediate, accurate, complete, and unbiased understanding of the facts of the case. *State v. Wahl*, 89 S.W.3d 513, 515[6] (Mo.App.2002). Compliance with this rule might have shed some light on Movant's claims of motion court error. However, as explained earlier, the part of Movant's brief denominated "statement of facts" is devoid of any facts developed at the hearing on his post-conviction motion; consequently, it is of no help in trying to understand Movant's claims of motion court error.

We likewise find no help in the argument section of Movant's brief. Rule 84.04(e) prescribes that the argument must substantially follow the points relied on. The only part of Movant's brief that arguably correlates with what he has denominated "points relied on 2, 3, and 4" consists of less than two pages.

Those pages violate every Rule 84.04(e) requirement. To begin with, there is only one argument, yet there purport to be three points relied on. As a consequence, the argument does not "substantially follow the order of 'Points Relied On.'" Oth-

er violations of the rule abound as well. For instance, there is no restatement of a point relied on at the beginning of the argument and no standard of review is submitted.

■ Since there is only one argument for three points relied on, we cannot discern if the argument is limited to errors asserted in the points relied on. Moreover, the argument contains no page references to the post-conviction legal file or transcript. That violates Rule 84.04(i). The argument part of an appellate brief should show how the principles of law and the facts of the case interact. *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 218[11] (Mo.App.1999). Movant's argument wholly fails that test.

Movant's statement of facts, points relied on and argument cause his brief to fall far short of compliance with Rule 84.04. *Id.* at 218. The deficiencies here are so substantial that, "in order to conduct any review, we would be forced to speculate not only as to the claims being raised, but as to the facts and arguments being relied on in support of the same." *State v. Nunley*, 103 S.W.3d 374, 377[6] (Mo.App.2003). This we will not do. As a consequence we have no choice but to decline review. *Id.*

The appeal is dismissed for failure to comply with the briefing requirements of Rule 84.04.

GARRISON, J., and BATES, C.J., concur.